## CANNELLA v. UNITED STATES.

No. 138, Docket 21523.

United States Court of Appeals Second Circuit.

Argued Jan. 6, 1950.

Decided Jan. 18, 1950.

Irving H. Saypol, U. S. Atty., Tompkins, Boal & Tompkins, New York City, Arthur M. Boal, New York City, for appellant.

Nathan Baker, Hoboken, N. J., for appellee.

Before L. HAND, Chief, Judge, SWAN and CLARK, Circuit Judges.

PER CURIAM.

This is an appeal from a decree in the admiralty in a suit against the United States under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., to recover for personal injuries suffered by the libellant, a longshoreman, while on board a ship, of which the United States was "bare-boat charterer." The libellant also sued the owner at law, but the complaint was dismissed. We reversed that judgment on April 27, 1949[1]; but, instead of pursuing the remedy so opened to him, the libellant brought to trial this suit, which was already pending. The evidence, except for the testimony of the libellant himself, consisted of the record of the testimony, already taken in the action, which was read to the judge. He found that libellant's story was true: that is, that one rung of a Jacob's ladder broke, as he was going up from a lighter alongside the ship; and that this showed that the ladder was unseaworthy at the time when the stevedoring gang came on board. The only question on this appeal is whether this finding was "clearly erroneous," under Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., a test which we have applied as well in the admiralty as in other civil suits.[2]

1. Cannella v. Lykes Bros. S. S. Co., 2 Cir., 174 F.2d 794.

2. Petterson Lighterage & Towing Corp. v. N. Y. Central R. R. Co., 2 Cir., 126 F. 2d 992.

We need not say how we should have decided that question, if the judge had not seen the libellant and heard him tell his story; particularly if he had not twice gone out of his way to declare that the libellant impressed him as truthful. It must be owned that taken on the bare record, that story is not altogether convincing. One of the libellant's witnesses, Clark, was so seriously discredited as to make his testimony utterly valueless. On the other hand, Di Simone, the foreman, swore directly that he saw one rung broken a short while after the libellant fell; and he was not impeached. It is true that on the same night that he fell, the libellant told a person who came to the hospital to take his statement that he had slipped, and said nothing about a broken rung; and that this statement was not taken by a claim agent, but on behalf of the libellant's employer, who was not liable for his injury. Nevertheless, it is not altogether surprising that at that time and place he should not have mentioned the break; indeed, he may not then have known what caused him to slip. For the respondent the witness, Cappolla, a fellow longshoreman, swore that he went up the ladder soon after the libellant and saw no broken rung; and the ship's officers swore that the ladder was continued in use after the day in question. Of the officers only the master examined the ladder after the accident: the substance of his testimony as to the break was as follows. On direct he said: "Well, I just looked at it. I did not go into a detailed examination of it. I just looked at it and I did not know what had happened, how he fell or anything, but the ladder was in good condition. Q. Did you see any broken steps? A. No. sir." On cross-examination he said: "Q. Tell us how you inspected the ladder. A. Just looked at it. You could see whether it is bad or whether it is good." Again: "Q. But you did not go up and down that ladder to inspect it? A. No, sir. Q. So you don't know, do you, by inspection, as to the condition of the ladder? A. Well, I know it was not broken. Q. What did you do? Just look from the top? A. Yes, sir." That is not very persuasive evidence that

he had ever actually examined the ladder enough to say whether one or two rungs was broken. Nor is it very significant that the ladder was not withdrawn from use; one rung, if sound, may have sufficed to bear the weight of a man, although the breaking of the other was enough to make the libellant slip.

In conclusion we cannot therefore say that after we have allowed for what the judge may have seen and heard, which the record does not, and cannot, preserve, it may not have furnished enough corroboration of the libellant's story to outweigh any doubts which the written word leaves unanswered. Certainly we will not say that the bare record is so convincing against the libellant as to make it "clearly erroneous" to accept that unrecorded evidence as sufficient corroboration.

We do not think that the evidence called upon the libellant to prove that the rung had not been weakened by use after the gang started work that morning.

Decree affirmed.