### Arthur RANDOLPH
v.
WATERMAN STEAMSHIP CORP., States Marine Corp., and Paul J. Carey and Ruth F. Carey, trading as Chester Stevedoring Co.

#### No. 193 of 1958, Admiralty.

United States District Court
E. D. Pennsylvania, at Philadelphia.
Sept. 3, 1958.

Louis Samuel Fine, Philadelphia, Pa., for libelant Arthur Randolph.

Bernard J. McNulty, Jr., Krusen, Evans & Shaw, Philadelphia, Pa., for respondent States Marine Corp. of Delaware.

LEAHY, District Judge.

Claimant Arthur Randolph filed a libel against Waterman Steamship Corp., States Marine Corp. and Chester Stevedoring Co. for damages for personal injuries sustained on February 9, 1958 at Wilmington, Delaware, while libelant was performing ship cleaning services aboard the vessel Topa Topa. Waterman admits ownership of the vessel. Paragraph 5 of the libel alleges the vessel, at the time of the injury, was "operated and controlled by the respondent, Waterman Steamship Corp., and States Marine Corp." States Marine denies this and has filed its Exception to the libel. States Marine admits it was the time charterer of the vessel but denies it operated or controlled the vessel and, as a matter of law, its absence of operation and management of the vessel could not in any way create any duties owed to libelant who was an employee of an independent contractor performing work aboard the vessel. The Exception of States Marine is directed at libelant only and does not raise issues of rights and liabilities between the respondents inter sese. No rights of other respondents are to be determined by a decision on the present Exception.

■■■ 1. There are three types of charterers: (1) the voyage charterer; (2) the time charterer, and (3) the demise charterer. Under a demise the charterer takes over the ship, mans her and becomes owner pro hac vice. Such charterer operates, manages and controls the vessel as though owner. Under a time charter, the owner's master, officers and crew continue in possession of the vessel, its management and operation. The ship's carrying capacity is taken up by the time charterer for a fixed period of time for carriage of cargo between fixed ports. Crew, navigation, and management remain in the control of the owner and his agents. The time charterer in a sense merely rents cargo space.

2. Retention of control by the owner during existence of a time charterer is illustrated by the collision cases. The Volund, 2 Cir., 181 F. 643; Clyde Commercial S. S. Co., Ltd. v. West India S. S. Co., 2 Cir., 169 F. 275; The Beaver, 9 Cir., 219 F. 139; The Edgar H. Vance, 9 Cir., 284 F. 56. There appears to be a definite scale representing the various degrees of control which a given person

**734**

has over the operation of a vessel. Examining the maritime relationship, a person's position on such scale is to be ascertained by looking at the contract which creates the relationship. Degree of control fixes responsibility to persons injured on the vessel. Thus, a demise charterer is in possession of a vessel by virtue of his contract; as owner pro hac vice he has the duties of an owner in possession. He must provide shoreside workers, for example, with a seaworthy vessel and must exercise due care not to cause injury. Vitozi v. Balboa Shipping Co., Inc., 1 Cir., 163 F.2d 286. The demise charterer may be responsible for injury to a shoreside worker. In Cannella v. United States, 2 Cir., 179 F.2d 491. See, also, Leary v. United States, 14 Wall. 607, 81 U.S. 607, 20 L.Ed. 756; Muscelli v. Frederick Starr Contracting Co., 296 N.Y. 330, 73 N.E.2d 536. At another point in the scale is the ship's general agent. He is employed by the owner to make port arrangements, supply the ship, make stevedoring arrangements and other shoreside services. Although in close relationship to the vessel, the ship's general agent has been held not to be in that degree of possession and control so as to be liable for injuries occurring aboard the vessel. Caldarola v. Eckert, 332 U.S. 155, 67 S.Ct. 1569, 91 L.Ed. 1968.

In Palardy v. American-Hawaiian S. S. Co., 3 Cir., 169 F.2d 619, a steamship company acted as general agent for the United States as owner of a vessel. The Court of Appeals held defendant was merely a "shoreside agent" and owed no duty to third persons as to the management of the vessel. To place the time charterer in his correct relationship to the vessel is to contrast him with the demise charterer and the general agent. As stated, under a time charter the master remains in the employ of the owner as does the crew. The time charterer rents carrying space and makes only those decisions which relate to the carrying of goods in leased space. That is the connection he has with the vessel, whereas the general agent has no direct interest in the ship's cargo space. His services are making business arrangements for the ship, procuring supplies, repairing services, and often contracts for stevedoring, cleaning, watchmen and other services. As in many cases the time charterer, as here, is required to pay for stevedoring and ship cleaning services. The most recent discussion of the demise vis-a-vis the time charterer is found in Bergan v. International Freighting Corp., 2 Cir., 254 F.2d 231 where the views expressed are the same as those suggested in the instant writing, i. e., by virtue of its status as a time charterer States Marine did not control the Topa Topa and, therefore, it owed no duty to libelant and is not responsible for his injuries. For this reason States Marine should be dismissed as a respondent.

Let an order be submitted sustaining the Exception.