### Allen J. HOODYE
v.
### BRUUSGAARD KROSTERUD SKIBS A/S DRAMMEN, NORWAY, et al.
### No. 207.

United States District Court
S. D. Texas,
Corpus Christi Division.

Aug. 19, 1961.

Mandell & Wright, Ben N. Ramey, Houston, Tex., for libelant.

Baker, Botts, Andrews & Shepherd, Frank G. Harmon, Houston, Tex., for respondent Brusgaard Kiosteruds Skibsaksjeselskap of Drammen, Norway.

Royston, Rayzor & Cook, George W. Renaudin, Houston, Tex., for respondent South African Marine Corporation, Limited.

GARZA, District Judge.

This cause was brought by Allen J. Hoodye as libelant, alleging that he was an American citizen, resident of Corpus Christi, Nueces County, Texas, and that he was injured on or about December 1, 1956, while employed as a longshoreman in the employ of Boyd-Campbell Company, Inc., in its character as stevedore; that while he was working aboard the S. S. Hermion, he was injured while building a wall commonly called a "center board" in the forward hatch of said vessel. He has brought suit against Brusgaard Kiosteruds Skibsaksjeselskap, designated as Brusgaard Krosterud Skibs A/S Drammen, Norway, hereinafter referred to as "Brusgaard", who were the owners of the vessel at the time, and alleging that said owners were a corporation existing under and by virtue of the laws of a foreign state. The suit is also

brought against South African Marine Corporation, Limited, who were the time charterers of the vessel, and United Ships Agency Corporation, and Interoceanic Commodities Corporation, who had been, as alleged, employed by the time charterer, South African Marine Corporation, Limited, in some capacity. Libelant's injuries occurred when the S.S. Hermion made a call at the Port of Corpus Christi.

There are two pending motions in this cause which must be disposed of by the Court.

One is a motion to quash service and to dismiss the cause as against Brusgaard. The other are exceptions of respondent South African Marine Corporation, Limited, to libelant's third amended libel, which if sustained, the action as to them would be dismissed.

The Court will first discuss and dispose of the motion of Brusgaard to quash service and dismiss the cause of action against it.

Libelant first attempted to obtain service on Brusgaard by serving Boyd-Campbell Company, Inc., as agent for the vessel at its call at the Port of Corpus Christi, Texas.

My predecessor, Judge Allred, quashed the service, presumably on the strength of the affidavit of Brusgaard that Boyd-Campbell had never been its agent for any purpose, but refused to dismiss the action against it.

After libelant had obtained certain admissions from Brusgaard through interrogatories, said libelant discovered that Brusgaard was a legal entity the equivalent of a corporation; that the vessel S.S. Hermion at the time that libelant was injured was owned by it; that it was being operated on a time charter given to South African Marine Corporation, Limited; that under the terms of said time charter the owners Brusgaard were to maintain the crew on the vessel and also assure the seaworthiness of the same.

Libelant then filed his Third Amended Libel after it had been allowed by the Court, and asked for service on Brusgaard by serving the Secretary of State under the authority of Art. 2031a of Vernon's Annotated Revised Civil Statutes of Texas, providing that where a foreign corporation does not have an agent for service in Texas, but does business in Texas, service may be had on it by serving the Secretary of State.

Brusgaard maintains that the terms of Art. 2031a are not applicable to it for the reason that they have never had an agent in Texas, that none of their vessels makes any regular calls at ports in Texas, and that the S.S. Hermion was sent to Corpus Christi by the time charterers, or voyage charterers, and not by it.

██ This position of Brusgaard is untenable. If the shipowner under a time charter allows the time charterer to select the ports of call, the vessel owner is doing business wherever the time charterer takes the vessel; and I find that Brusgaard was a foreign corporation, and did business in Texas by having its vessel, the S.S. Hermion, call at the Port of Corpus Christi, and therefore came within the provisions of Art. 2031a; and that the service had on it through the Secretary of State is good.

The motion to quash service and to dismiss will be denied.

We will now discuss the exceptions of respondent South African Marine Corporation, Limited.

Under the terms of the time charter, there is no question that Brusgaard was to be responsible for the crew and also for the seaworthiness of the vessel. The charter party specifically reflected that it was not a demise. This is admitted by the libelant in its third amended libel. Respondent South African Marine Corporation, Limited, had no employees on board. If anybody connected with the boat other than the stevedoring company working the ship was negligent, it had to be members of the crew, which were the responsibility of Brusgaard, the owner. If the vessel was unseaworthy, that was also the responsibility of Brusgaard, the owner.

Under a time charter as is before the Court in this case, the time charterer owes no duty to a person in the position of the libelant. Randolph v. Waterman Steamship Corp., D.C.Pa. 1958; 166 F.Supp. 732; Bergan v. International Freighting Corp., Inc. et al., 2 Cir., 1958, 254 F.2d 231.

The respondent South African Marine Corporation, Limited, was not liable to the libelant for his injuries. Its second exception should be sustained, and is hereby sustained, and the respondent South African Marine Corporation, Limited, is hereby dismissed from this cause of action.

The Clerk will advise counsel and ask that appropriate orders be submitted for entry on the disposition of these motions.