Simeon **BUTHUSIEN**

v.

**CENTRAL GULF STEAMSHIP CORPORATION**

v.

**JARKA CORPORATION OF PHILADELPHIA.**

Civ. A. No. 29723.

United States District Court
E. D. Pennsylvania.

June 7, 1963.

Louis Samuel Fine, Philadelphia, Pa., for plaintiff.

LaBrum & Doak, by Harry J. Bradley, Philadelphia, Pa., for defendant.

WOOD, District Judge.

The libellant, a longshoreman, was injured while unloading cargo from the ship, M/V DAGRUN on September 14, 1959. This ship was the subject of a time charter agreement between the libellee, Central Gulf Steamship Corporation, and A/S OCEAN, the owner.

Libellant sued the time charterer in this action alleging in paragraph 3 of his Complaint that the libellee owned, operated and controlled the ship at the time of his injury. The libellee denied in its Answer that it owned, operated or controlled the M/V DAGRUN and admitted that it was the time charterer of the ship on the above date.

■ Subsequently, the libellee filed the instant motion for summary judgment contending that a time charterer of a vessel cannot be held liable for either unseaworthiness or negligence. The libellant filed a motion to strike this motion and we dismissed the motion to strike at the hearing.

The libellee submitted a copy of the time charter agreement which bears out its position in this motion. The time charter at paragraph 26 provides as follows:

"No. 26. Nothing herein stated is to be construed as a demise of the vessel to the Time Charterers. The owners to remain responsible for the navigation of the vessel, Acts of Pilots, insurance, crew, and all other matters, the same as when trading for their own account."

According to the terms of the time charter the *owner* was to be responsible for the crew and seaworthiness of the vessel. The charter party specifically reflected that no demise was involved. The only persons who could have been negligent besides the stevedoring company were the members of the crew who were the responsibility of the owner and not the libellee. If the vessel was unseaworthy this also was the responsibility of the owner and not Central Gulf Steamship Corporation.

■ A time charter such as we have before the Court imposes no obligation on the charterer which creates a duty owed to a person in the position of the libellant. Hoodye v. Bruusgaard Krosterud Skibs A/S Drammen, Norway, et al., 197 F.Supp. 697 (S.D.Tex.1961); and Randolph v. Waterman Steamship Corp., 166 F.Supp. 732 (E.D.Pa.1958). A time charter is a renting of cargo space and in no way transfers control of the ship or crew to the charterer.

The libellee cannot be responsible for the injuries sustained by the libellant and the motion for summary judgment is granted.