Jeannie Bell FitzSIMMONS, as Executrix of the Estate and Under the Last Will and Testament of Howind FitzSimmons, Deceased, Plaintiff,

v.

JONES TOWING, INCORPORATED, a corporation, et al., Defendants.

Nellie SWANSON, as Administratrix of the Estate of Johnnie C. Hightower, Deceased, Plaintiff,

v.

JONES TOWING, INCORPORATED, a corporation, et al., Defendants.

Civ. A. Nos. 64-467, 64-468.

United States District Court
N. D. Alabama,
Middle Division.

Feb. 2, 1965.

James E. Clark, of London, Yancey, Clark & Allen, Birmingham, Ala., and Cornelius G. Van Dalen, of Deutsch, Kerrigan & Stiles, New Orleans, La., for defendant.

GROOMS, District Judge.

These cases are before the Court on defendant's motions to quash service. Purported service was procured under Section 199(1) of Title 7, Code of Alabama, 1940 as amended.[1]

On October 18, 1963, the M/V Annette Jones and her tow of three empty barges returning from her unloading point at Chattanooga, Tennessee, to Wood River, Illinois, collided with a cabin cruiser owned by Howind FitzSimmons. The collision occurred at Mile 366.6 on the Tennessee River (Guntersville Lake). FitzSimmons and Johnnie C. Hightower lost their lives.

The Annette Jones was completing her third round trip from Wood River to Chattanooga. The first trip began at Wood River on June 16, 1963. Her cargo, totaling 17,313.81 short tons for the trips, was composed of asphalt, transported for the American Oil Company from its dock at Wood River.

The defendant is a Louisiana corporation. It is not qualified to do business in Alabama, has no agent here, did not call at any of the ports on the river in the state, and purchases no fuel, victuals or supplies in the state, while traversing the Tennessee River, a navigable stream.

Following the collision some of the crew tied the tow up at Guntersville and reported the incident to the United States

Maurice F. Bishop, of Bishop & Carlton, Birmingham, Ala., for plaintiffs.

1. Pertinent parts, with procedural provisions omitted, are as follows:
"Any non-resident person, firm, partnership, general or limited, or any corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall do any business or perform any character of work or service in this state shall, by the doing of such business or the performing of such work, or services, be deemed to have appointed the secretary of state, or his successor or successors in office, to be the true and lawful attorney or agent of such nonresident, upon whom process may be served in any action accrued or accruing, from the doing of such business, or the performing of such work or service, or relating to or as an incident thereof, by any such nonresident, or his, its or their agent, servant or employee. Service of such process shall be made by serving three copies of the process on the said secretary of state, * * *"

Coast Guard at that point. They also assisted in towing the wrecked cabin cruiser to shore.

Defendant's activities within the State of Alabama were exclusively interstate in character and did not constitute the doing of business within the scope of Section 199(1). Chandler v. G. W. Gladder Towing Co., (E.D.Ark.) 143 F.Supp. 568. The defendant's contacts with the state were less than those in Chandler, or in Hoodye v. Bruusgaard Krosterud Skibs A/S Drammen, Norway, (S.D.Tex.) 197 F.Supp. 697, where service was upheld.

The motions to quash are well taken.

The actions will not be dismissed, but will be transferred to the New Orleans Division of the Eastern District of Louisiana. Title 28 U.S.C.A. § 1406(a). Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed. 39.