**William WYCHE, Plaintiff,**

v.

**Egon OLDENDORFF and States Marine Lines, Inc., Defendants and Third-Party Plaintiffs,**

v.

**OLD DOMINION STEVEDORING CORP., Third-Party Defendant.**

Civ. A. No. 5719.

United States District Court
E. D. Virginia,
Norfolk Division.

Oct. 6, 1967.

**576**

Kelsey & Rabinowitz, Norfolk, Va., for plaintiff.

Vandeventer, Black, Meredith & Martin, by Walter B. Martin, Jr., Norfolk, Va., for Egon Oldendorff.

Seawell, McCoy, Winston & Dalton, by Charles R. Dalton, Norfolk, Va., for States Marine Lines.

Rixey & Rixey, by William B. Eley, Norfolk, Va., for old Dominion Stevedoring Corporation.

MacKENZIE, District Judge.

### MEMORANDUM

Plaintiff, William Wyche, a longshoreman, was injured in an unloading operation aboard the M/S BIRTE OLDENDORFF when shoring which was allegedly improperly secured fell on him.

The suit now proceeds against M/S BIRTE OLDENDORFF, States Marine Lines, Inc., the vessel's charterer, and Old Dominion Stevedoring Corp.

M/S BIRTE OLDENDORFF was chartered to States Marine Lines, Inc., under a widely used standard form charter, Time Charter, Government Form, Approved by the New York Produce Exchange, amended October 3, 1946.

Defendant, States Marine Lines, Inc., has filed its Motion for Summary Judgment as to it, under Rule 56, Federal Rules of Civil Procedure, on the grounds that under the terms of the Time Charter, the plaintiff's deposition and applicable interrogatories there is no genuine issue of fact in dispute under which States Marine Lines, Inc., as time charterer, could be held responsible.

The relevant provisions of the Time Charter are Clauses 1, 2, 8 and 26. In brief, Clause 1 obligates the owner of the vessel to pay for all provisions and wages and to maintain the vessel. Clause 2 obligates the charterer for fuel, port charges (stevedoring), and "* * * to provide necessary dunnage and shifting boards. * * *"

Clause 8 makes it the charterer's responsibility to load, stow, trim and discharge the cargo, but under the supervision of the Captain who is appointed by the owner. Clause 26 explicitly rules out this charter being construed as a demise, or "bareboat" charter.

Since by Clause 26, this is a time charter and not a demise, it is well settled in law that Clause 8 only charges the States Marine Lines, Inc. with the obligation to *bear the expense* of the loading, stowage, trimming and discharge of the cargo, but leaves *the duty of the actual loading and discharge* with the owners. (Emphasis supplied.)

This paragraph (Clause 8) will not suffice to shift the responsibility for stevedoring operations or control of the ship to the time charterer. The cargo operations are under the control of the Captain and the charterer's obligation to pay for the cargo operation does not make it responsible for the conduct of

that operation. Mondella v. S. S. Elie V., D.C., 223 F.Supp. 390 (1963). The charterer merely rents cargo space. Randolph v. Waterman Steamship Corp., 166 F.Supp. 732, 733 (E.D.Pa.1958). The time charterer only takes over her carrying capacity. Saridis v. S. S. Paramarina, 216 F.Supp. 794 (E.D.Va., 1962). These cases cite many authorities in complete concert therewith.

 Plaintiff, in the face of this authority, urges, however, that some responsibility attaches, nevertheless, to States Marine Lines, Inc., the time charterer, because Clause 2 of the charter provides that the charterer will provide necessary dunnage and shifting boards. On two counts we disagree. First, the only testimony before us is that of the plaintiff himself in his answer to Interrogatory Number 1 (i and j) in which he says that the inadequacy in the shoring was that "[it] was not properly secured or fastened so as to prevent its falling. * * *" In other words, the liability, if any, returns to the owner who, under a time charter, is alone responsible for the loading, stowage and discharge of cargo. Second, if the condition of the fastening and securing of the shoring created an unseaworthy condition, this would likewise be the obligation of the owner and not the charterer. This proposition is as well settled as the first. The warranty of seaworthiness under a time charter rest solely with the owners. Saridis v. S. S. Paramarina, supra (a decision of this District Court). "Where there is no demise of the vessel, the authorities are in accord that time charters * * * owe no warranty of seaworthiness to seamen, longshoremen. * * *" Montoga v. M/S Peter Nielsen, 1962 A.M.C. 2515 (N.D.Cal.1962).

Attorneys for the defendant, States Marine Lines, Inc., will prepare a proper Order sustaining the Motion for Summary Judgment as to States Marine Lines, Inc., and dismissing it as a defendant in this suit and present the same for entry upon endorsement of all parties.