Elarion **KLISHEWICH**, Plaintiff,

v.

**MEDITERRANEAN AGENCIES, INC.,**
and J. Andreson, Defendants.

No. 65–C–1249.

United States District Court
E. D. New York.

Feb. 4, 1969.

William R. Johnson, Brooklyn, N. Y., for plaintiff.

Hill, Betts, Yamaoka, Freehill & Long-Cope, New York City, for defendants; Thomas H. Healey, New York City, of counsel.

*Memorandum of Decision and Order*

MISHLER, District Judge.

At the trial of this action,[1] the attorneys for both plaintiff and defendant requested and the court agreed to determine at the outset whether as a matter of law defendant, Mediterranean Agencies, Inc., (Mediterranean) a time charterer, can be held liable for personal injuries suffered by an employee of an independent contractor while working on the ship being chartered.

The following facts have been stipulated:

On July 10, 1963, plaintiff, Elarion Klishewich, was employed by Golten Marine Company, Inc. (Golten) as a marine carpenter. At that time the M/S Bay Master was owned by A/S Golden West and under time charter to Mediterranean.[2]

Plaintiff boarded the M/S Bay Master as a ship repairman, employee of Golten, in performance of a contract between Golten and the ship's owner, A/S Golden West. His claim is based on the negligent operation of a door check by a member or members of the crew or, alternatively, on an unseaworthy condition created by a member or members of the crew in rendering the working area near the door check unsafe. No officer or employee of Mediterranean was aboard ship at the time of the alleged injury.

The charter party provided:

"That the owner shall provide and pay for all provisions, wages and consular shipping and discharging fees of the Crew; shall pay for the insurance of the vessel, also for all the cabin, deck, engine-room and other necessary stores, including boiler water and maintain her class and keep the vessel in a thoroughly efficient state in hull, machinery and equipment for and during the service."

A time charter is an agreement for space on a vessel and, as distinguished from a demise or bareboat charter, gives the charterer no property interest in the vessel. Bergan v. International Freighting Corp., 254 F.2d 231 (2d Cir. 1958), Gilmore and Black, The Law of Admiralty, p. 170 (1957). A demise or bareboat charter, on the other hand, is " * * * tantamount to, though just short of an outright transfer of ownership. However, anything short of such a complete transfer is a time or voyage charter party or not a charter party at all." Guzman v. Pichirilo, 369 U.S. 698, 700, 82 S.Ct. 1095, 1096, 8 L. Ed.2d 205 (1962). This difference in concept between demise and time charters brings forth significant differences in the obligations of demise and time charterers.

A time charterer assumes no liability flowing from the unseaworthiness of the vessel or the negligence of the crew unless it is shown that the parties to the charter intended otherwise. Wyche v. Oldendorff, 284 F.Supp. 575 (E.D.Va.1967); Serrano v. United States Lines Co., 238 F.Supp. 383 (S.D. N.Y.1965); Mondella v. S. S. Elie V, 223 F.Supp. 390 (S.D.N.Y.1963); Buthusien v. Central Gulf Steamship Corp., 217 F. Supp. 903 (E.D.Pa.1963); Mickle v. The Henriette Wilhelmine Schulte, 188 F. Supp. 77 (N.D.Cal.1960). The charter party involved in this case bears no evidence of such an intent.

Since no claim upon which relief may be granted has been stated against Mediterranean, the complaint is hereby dismissed.

The clerk is directed to enter judgment in favor of defendant, Mediterranean Agencies, Inc. and against plaintiff, Elarion Klishewich, dismissing the complaint, and it is

So ordered.

---

1. The action is against Mediterranean Agencies, Inc. Service of process on J. Andreson was set aside by order of this court dated December 14, 1966. 42 F.R. D. 624.

2. The charter, dated January 30, 1963, was entered into for a period " * * * from the time of delivery for about five (5) to about seven (7) months time charter, period at Charter's option * * *."