Elizabeth E. HABRAT, Admx. of the Estate of Milton C. Habrat, Deceased, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 68–1173.

United States District Court, W. D. Pennsylvania.

March 31, 1970.

---

Blair A. Griffith, Asst. U. S. Atty., Pittsburgh, Pa., Walter G. Pratt, Atty., Admiralty & Shipping Section, Dept. of Justice, Washington, D. C., for defendant.

Hymen Schlesinger, Pittsburgh, Pa., for plaintiff.

## OPINION

GOURLEY, Senior District Judge.

This is an action under the General Maritime Laws against the United States of America. The deceased plaintiff seaman served on the vessel Kenmar where he worked in the engine room. He had worked in that capacity for approximately a year. A day after he took leave from the vessel he was found dead from a heart attack. It is claimed working conditions and carelessness about his condition and need of assistance creates a cause of action based on negligence and the unseaworthiness of the vessel.

The immediate matter before the Court is Motion of the United States for Summary Judgment.

The Court has reviewed the pleadings, the briefs of the parties, heard oral argument, and I conclude the Motion for Summary Judgment should be granted.

It is not in dispute that at the time of the death the vessel was under time

charter to the Military Sea Transportation Service, an agency of the United States, pursuant to a legally effective written contract. The vessel was plying the seas between the mainland and South Vietnam delivering supplies for our Armed Forces.

The S.S. Kenmar was chartered by the United States, and was owned and operated by the Calmar Steamship Corporation. Under the provisions of the charter agreement all possession and control of the vessel and all navigational and operational functions were retained by the steamship corporation, the owner of the vessel. The United States had no control over the vessel, its operation or navigation. Furthermore, the crew of the vessel was hired by and under the exclusive control of the Calmar Steamship Corporation.

The plaintiff's remedy, if one exists, certainly would be against the owner of the vessel, and no action lies against the United States as a time charterer of the S.S. Kenmar.

A time charter is an agreement by which the carrier agrees to carry freight for the charterer for a period of time. In return, the charterer tenders freight to the vessel and pays the charter hire. No property interest in the vessel passes to the charterer, so the control of the vessel's operation and navigation remains with the carrier.

It seems clear that a third party injured by improper maintenance or operations of the vessel would not have any cause of action against the charterer who has merely contracted to have its freight carried on the ship. There is no duty running from the charterer to the third party since the charterer has no function whatever in controlling the operation and maintenance of the ship.

So I must conclude that a time charterer assumes no liability flowing from the unseaworthiness of the vessel or the negligence of the crew unless it is shown that the parties to the charter intended otherwise. Klishewich v. Mediterranean Agencies, Inc., 302 F.Supp. 712 (E.D.N.Y.1960). Since the time charterer has no control over the vessel, it owed no duty to the crew and is not responsible for any injuries resulting from negligence or unseaworthiness of the vessel. Saridis v. S.S. Paramarina, D.C., 216 F.Supp. 794.

For the reasons hereinabove expressed, the United States of America should be granted Summary Judgment in which the Complaint of the plaintiff is dismissed.

In addition, the plaintiff presents a Motion for the Production of Documents. In view of the granting of the motion to dismiss, said matter becomes moot.

Appropriate orders are entered.