Claude **BERNARD**, Appellant,

v.

U. S. **LINES, INCORPORATED,**
Appellee,

v.

**RYAN STEVEDORING CO., INC.** and the **United States of America,**
Appellees.

No. 72–2115.

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 7, 1973.

Decided March 13, 1973.

Daniel.Lee Brawley, Wilmington, N. C. (Lonnie B. Williams and Marshall, Williams, Gorham & Brawley, Wilmington, N. C., on brief), for Ryan Stevedoring Co., Inc.

Ronald R. Glancz, Atty., U. S. Dept. of Justice (Harlington Wood, Jr., Asst. Atty. Gen., Thomas P. McNamara, U. S. Atty., E. D. N. C., and Morton Hollander, Atty., Dept. of Justice, on brief), for the United States.

Before HAYNSWORTH, Chief Judge, BUTZNER, Circuit Judge, and BRYAN, District Judge.

PER CURIAM.

We affirm the judgment for the reasons stated by the district court.

Claude Bernard, a longshoreman, brought this suit for pierside injuries caused by a land-based forklift owned by the United States while he was loading a ship. The injuries were not caused by the ship or its gear. Subsequently, the Supreme Court decided Victory Carriers v. Law, 404 U.S. 202, 92 S.Ct. 418, 30 L.Ed.2d 383 (1971), which Bernard concedes forecloses any claim against the ship or its owner for negligence or unseaworthiness. However, he seeks to sustain admiralty jurisdiction against the United States, time charterer of the vessel and terminal owner, which had been named a third party defendant by the owner of the vessel. Bernard bases his allegation of jurisdiction on the theory that he is the third party beneficiary of a maritime contract. The district court held that he was not, and we agree.

Bernard urges two theories, one under the stevedoring contract between Ryan Stevedoring Co. and the United States and the other under the charter party between United States Lines, owner of the vessel, and the United States. However, the warranty of workmenlike performance in the stevedoring contract was made by Ryan, not the United States. It ran to the vessel and its charterer, not the longshoreman. Similarly, the charter party created no contractual duty to the longshoreman on

Stuart V. Carter, Norfolk, Va. (Breit, Rutter, Montagna & Carter, Norfolk, Va., on brief), for appellant.

**1136**

the part of the United States as time charterer. Habrat v. United States, 310 F.Supp. 618, 620 (W.D.Pa.1970); Klishewich v. Mediterranean Agencies, Inc., 302 F.Supp. 712 (E.D.N.Y.1969); Buthusien v. Central Gulf S. S. Corp., 217 F.Supp. 903 (E.D.Pa.1963).

 Federal Rule of Civil Procedure 14(c), which allowed the United States Lines, as third party plaintiff, to demand judgment against the United States, third party defendant, in favor of Bernard, the plaintiff, does not create admiralty jurisdiction. Rule 82 expressly negates the extension of jurisdiction by the rules.

Bernard also seeks to assert a claim against the United States under the Federal Tort Claims Act. While Bernard filed his suit within two years of the accident, his failure to file an administrative claim within the statutory period bars his action. 28 U.S.C. §§ 2401 (b), 2675(a).

Affirmed.