482 So.2d 749 (1985)
Robert S. DAIGLE, et al.
v.
COASTAL MARINE, INC., et al.
No. CA 84 1187.
Court of Appeal of Louisiana, First Circuit.
December 26, 1985.
Rehearing Denied February 7, 1986.
Allen J. Borne, Borne, Rogers & Senette, Franklin, for plaintiff.
Christopher Tompkins, Deutsch, Kerrigan & Stiles, New Orleans, for Transworld Drilling Co.
David M. Vaughn and Tobin J. Eason, David M. Vaughn & Assoc., Metairie, Coastal Marine, Inc., for M/V Sovereign in remand Co-Counsel for Union Oil Co. of Cal.
Mr. Randall K. Theunissen, Allen Gooch, Bourgeois, Breaux & Robison, Lafayette, for Union Oil Co. of Cal.
Craig W. Marks, Jeansonne, Briney, Balfour & Goudelocke, Lafayette, for Home Ins. Co.
Before LOTTINGER, COLE and CRAIN, JJ.
LOTTINGER, Judge.
This is a maritime personal injury suit filed in state court pursuant to the "Saving the Suitor Clause" in 28 U.S.C. § 1333.
On March 20, 1982, Robert S. Daigle, plaintiff, was employed by Heitman Oilfield Supply Company, Inc. as an installer of equipment on offshore drilling rigs. That day he boarded the M/V C/SOVEREIGN owned by Coastal Marine, Inc. and was being transported to Transworld 64, a rig working for Union Oil of California in the Gulf of Mexico. Mr. Daigle became sea sick and while descending a flight of stairs to lie down, he slipped striking his back.
*750 Suit was filed against Coastal Marine Incorporated, Union Oil Company of California, Transworld Drilling Company and the M/V C/SOVEREIGN in rem.[1] A special verdict was returned finding Coastal 10% at fault, the absent person or corporation 30% at fault and Daigle 60% at fault. The court held Coastal liable for the full 40% as a joint tortfeasor. The jury awarded $250,832.00 in damages.
Prior to trial the court ruled on a Motion in Limine, allowing use of prior claims evidence for impeachment purposes only. The court further granted a directed verdict in favor of Union Oil Company of California after the trial on the merits.
Coastal appealed alleging that the trial court erred in ruling that Coastal is responsible for the fault of an absent tortfeasor.
Plaintiff answered the appeal contending the trial court erred:
1) in allowing the defendant, over the objection of the plaintiff, to introduce evidence of prior claims made by the plaintiff which evidence seriously prejudiced the plaintiff and caused the jury to disbelieve the plaintiff's complaints of pain and suffering in his version of the accident;
2) by the percentage of negligence assessed against the plaintiff;
3) by the amount of damages awarded in the judgment; and
4) by the action of the trial judge in granting a directed verdict in favor of Union Oil Company.

SCOPE OF REVIEW
At the outset we recognize our limited role in reviewing the jury verdict in this case. In Trahan v. Gulf Crews, Inc., 260 La. 29, 255 So.2d 63 (1971), the Louisiana Supreme Court held that the review of jury verdicts by Louisiana appellate courts in general maritime cases is the same as that of federal courts. Thus we conclude that the review authority of this court is limited to either accepting or rejecting the jury verdict, but does not include the authority to amend the verdict. In light of this restricted appellate review authority we now proceed to a discussion of plaintiff-appellee's assignment of error concerning prior claims.

PRIOR CLAIMS EVIDENCE
On cross-examination plaintiff was questioned about previous back injuries and claims he made for these injuries. Defense counsel showed plaintiff a chart indicating seven back injuries and the amount claimed for each. This chart was also shown to the jury. Questioning of plaintiff went into detail about each accident and the amount claimed. The sum total of the claims paid to plaintiff was $119,000, which amount was announced to the jury.
Prior to trial the trial judge ruled that evidence of prior claims may be used for impeachment purposes. Timely objection was made by plaintiff arguing for a total ban on the use of such evidence.
Louisiana lacks jurisprudence that delineates the proper use of prior claims evidence at trial. However, E. Cleary, McCormick's Handbook of Law of Evidence, § 196, pp 466-467 2d ed. 1972 notes the difficulty of determining when such evidence should or should not be allowed.
[T]he need for the exposure of fraudulent claims comes in conflict with the need for the protection of innocent litigants from unfair prejudice. At two extremes the practice is fairly well agreed on. Thus, when it is sought to be shown merely that the plaintiff is a chronic litigant, or a chronic personal injury litigant, the courts consider that the slight probative value is overborne by the danger of prejudice, and they exclude the evidence. At the other extreme, if it is proved not merely that the party has made previous claims or brought suits but that the former claims were similar to the present claim and were false and *751 fraudulent, then the strong relevance of these facts to evidence the falsity of the present claim is apparent and most courts admit them.
The intermediate situation is the difficult one. The evidence offered is that the present party, now suing for a loss claimed to be accidental, such as a loss of property by fire, or personal injury in a collision, has made repeated previous claims of similar losses. Here the relevance is based on the premise that under the doctrine of chances repeated injuries of the same kind are unlikely to happen to one person by accident. On the other hand this kind of evidence is prejudice-arousing and standing alone would seldom be sufficient to support a finding of fraud. It seems that the judge, balancing in his discretion probative value against prejudice, should admit the evidence only when the proponent has produced or will produce other evidence of fraud.
In the case sub judice, there was no showing of fraud or similarity of the accidents except that each involved plaintiff's back. Therefore, we are of the opinion that the trial court was in error in allowing the evidence, and that such evidence prejudiced the jury in its finding of percentage of fault as well as damages and affected substantial rights of plaintiff.

DIRECTED VERDICT
The finding of error in allowing prejudicial evidence of prior claims to go to the jury and thus taint the jury's verdict so as to cause a remand does not however affect the result reached by the trial court in its directed verdict ruling in favor of Union Oil.
Louisiana has adopted the federal standard for a motion for a directed verdict. Perkins v. American Machine & Foundary Co., 385 So.2d 492 (La.App. 1st Cir. 1980), writ refused 393 So.2d 727 (La. 1980); Campbell v. Mouton, 373 So.2d 237 (La. App. 3rd Cir.1979). In a case tried before a jury, all the evidence is to be considered in a light most favorable to the party opposing the motion along with all reasonable inferences. If the Court believes that the facts and inferences point so strongly and overwhelmingly in favor of one party, such that reasonable men could not differ, granting of the motion is proper. But, if reasonable and fair-minded men exercising impartial judgment might reach different conclusions, the motion should be denied and the case submitted to the jury.
Union Oil of California was a time charterer of the M/V C/SOVEREIGN. In Habrat v. U.S., 310 F.Supp. 618 (W.D.Pa. 1970) and Klishewich v. Mediterranean Agencies, Inc., 302 F.Supp. 712 (E.D.N.Y. 1969) it was held that generally, a time charterer, one who has no control over the vessel, assumes no liability for the negligence of the crew or their unseaworthiness of the vessel absent a showing that the parties to the charter intended otherwise. Also see, M.O.N.T. Boat Rental Services v. Union Oil Company of California, 613 F.2d 576 (5th Cir.1980).
Union Oil only issued a manifest to the captain, they did not control the maintenance of the vessel nor any of the normal procedures performed on the M/V C/SOVEREIGN. See Mallard v. Aluminum Co. of Canada, Ltd., 634 F.2d 236 (5th Cir.,1981), cert. denied 454 U.S. 816, 102 S.Ct. 93, 70 L.Ed.2d 85 (1981).
Therefore, due to the lack of control and/or agreement to the contrary, the motion for directed verdict was proper.
In light of our rulings on prior claims evidence and the directed verdict, we pretermit any discussion of the other assignments of error.
Therefore, for the above and foregoing reasons, the judgment of the trial court insofar as it rendered a directed verdict in favor of Union Oil Company of California is affirmed, and in all other respects the judgment is reversed and remanded for a new trial at the cost of Coastal Marine Incorporated.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
NOTES
[1] It was stipulated by the parties that Coastal Marine, Incorporated is the proper party defendant.