YELVERTON, Judge.
In the early morning hours of March 9, 1985, a corroded and weakened six inch depropanizer gas line of Continental Oil Company (Conoco) in Westlake, Louisiana, burst, and within seconds an explosion occurred which was felt two to four miles from the plant, knocking out electrical power to the area, and extensively damaging the mechanical shop and two cooling towers in the plant.
One mile west of the center of the blast Diane Prince was at home with her husband asleep in their bed. The force of the explosion rocked her house, physically damaging the residence. Plaintiff was not injured by the blast itself, but in her reaction to the noise and the motion she bolted up and out of bed and fell to the floor. These movements re-injured a back condition for which she was recovering from recent surgery. The Princes sued Conoco for the personal injuries suffered by Mrs. Prince and for property damage done to their dwelling.
A jury returned a verdict answering seven interrogatories specifically finding:
1. Conoco owned, maintained and controlled a thing which was defective.
2. Plaintiff suffered property damage to her residence caused by the explosion or ignition at the Conoco Refinery.
3. The residence damage was $8,700.
4. Diane Prince suffered personal injuries caused by the explosion or ignition.
5. These injuries were caused by her fault as well.
6. The fault of Diane Prince attributable to her was 20% and the percentage of fault attributable to Conoco was 80%.
7. The total amount of her damages was $202,000.
All parties appealed. Conoco raises issues having to do with legal cause, eviden-tiary rulings, charge errors, and damages. The Princes raise the issues of Diane *41 Prince’s fault, damages, and failure to charge loss of consortium.
We affirm Conoco’s liability and the amounts of damages. We find no error in the trial court’s ruling declining to charge loss of consortium. The jury’s finding of contributory negligence is, however, clear error, and we will modify the judgment in that one respect; otherwise, this is an affirmation.
We will explain our decision under the following general headings: (1) liability and contributory negligence, (2) evidentiary rulings and charges, and (3) damages. LIABILITY AND CONTRIBUTORY NEGLIGENCE
We begin by observing that the jury, after hearing every witness each side cared to present, found as a fact that there was $8,700 in property damages to the Prince residence. The testimony of construction contractors gives credence to this finding. It is not manifestly erroneous. We cannot change it. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Likewise, the jury found that Diane Prince, did, in fact, re-injure her back as a result of the explosion. Mrs. Prince so testified, and the jury believed her, and her doctors testified to clinically objective findings and gave their opinions supporting the causal relationship between the explosion and injury. There was no evidence to the contrary. Therefore, we accept, as we must, these findings as fact.
Conoco contests its liability, and uses duty/risk methodology in its argument. We will use the same methodology in affirming Conoco’s liability.
Our initial inquiry is whether there is a causal relationship between the explosion at Conoco and the injury to Mrs. Prince’s back. Stated differently, was the explosion a cause-in-fact of this injury? There is no question that it was. The explosion was a substantial factor in bringing about the injury. But for the explosion, Mrs. Prince would not have suddenly awakened, jumped out of her bed and fallen to the floor.
We must next determine what duty was imposed on the defendant under these particular circumstances, whether there was a breach of that duty that resulted in damages, and whether the risk which resulted in the damages was encompassed within the scope of the protection extended by the imposition of that duty. Sibley v. Gifford Hill and Company, Inc., 475 So.2d 315 (La.1985).
The duty issue is a policy inquiry into whether the defendant’s duty to the victim included protection against the particular injury. Id, at 319. Conoco’s argument regarding legal cause focuses on the noise of the explosion alone, drawing analogies to sonic booms, blowing transformers, and ringing telephones, and predicts dire consequences if tort liability can arise from a mere explosion at night, for then (the argument goes) all within earshot would be potential victims, and therefore potential suitors. Our response to this argument is that this is not a case of noise alone. This explosion, which the defendant had a duty to prevent, was not only noisy, it was destructive; it was felt two to four miles away and did actual structural damage to the Prince house one mile away. Several neighbors of the Princes testified that their houses also were damaged by the explosion. It was not the noise that damaged the house. We do not have to answer the question of whether legal cause requirements would be satisfied if there had been only the noise of an explosion. What we have here is the noise and force of an explosion that shook and damaged a home and caused its sleeping occupant to bolt from the bed and injure herself.
No one would question the fact that Co-noco owed a duty to its neighbors, such as plaintiff, to prevent explosions of such force that their very homes would be shaken and damaged. The duty reasonably encompasses the risk that the home owner himself will be injured by the same explosive force that causes the damage to the home. It does not matter that the personal injury was not directly caused by the force of the blast. It is not hard to associate this breach of duty with an injury resulting when the sleeping occupant of a shaking *42 house, reacting to the noise and motion involuntarily, injures herself by bolting out of bed or stumbling on the floor.
It is a matter of examining effect from cause. What happened here to Mrs. Prince can be easily associated with Conoco’s conduct. Ease of association is a factor in determining if a duty extends to a particular risk of harm. Hill v. Lundin, 260 La. 542, 256 So.2d 620 (1972). The test is whether defendant’s duty to the plaintiff includes protection against the consequences which actually occurred as determined by their foreseeability tempered by judicial policy. Speight v. Southern Farm Bureau Insurance Company, 254 So.2d 485 (La.App. 3rd Cir.1971). An injury to the sleeping occupant of a shaking house, who, reacting to the noise and motion involuntarily, bolts out of bed and stumbles to the floor, is not hard to associate with the duty of a plant owner to prevent such a violent explosion. The jury properly found legal cause in the present case.
The jury was manifestly in error, however, in finding Mrs. Prince to be 20% at fault. There is no factual basis in the record for this determination of contributory negligence. It is logically inconsistent. The testimony that went to the jury regarding how the accident happened came from Mr. Prince and Mrs. Prince. Her doctor also testified as to what she told him several weeks later. From this testimony it is clear that Mrs. Prince bolted out of bed and fell to the floor, probably by falling over a piece of furniture in the darkness, as she headed to the bedroom of her epileptic son. It is not known whether the re-injury occurred as she bolted out of bed or from the fall, as the jury was not asked to make such a finding of fact. We cannot perceive how it would make any difference from a legal standpoint. Whether her frightened reaction to the explosion and the rocking house was by fear for her own safety or fear for the safety of her family, is beside the point. Nor does it make any difference whether she received the injury in her bed or on the floor. We cannot see how Mrs. Prince was in any way negligent.
One who suddenly finds himself in a position of imminent peril, without sufficient time to consider or to weigh all circumstances or best means that may be adopted to avoid an impending danger, is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method, unless the emergency in which he finds himself is brought about due to his own negligence. Hickman v. South Pacific Transport Co., 262 La. 102, 262 So.2d 385 (1972). Mrs. Prince’s reaction was one of a person finding herself in an emergency situation. There is nothing in the evidence to support a finding that she was contributorily negligent. Therefore, the jury’s finding that she was negligent was clearly wrong. EVIDENTIARY RULINGS AND CHARGES
The trial court ordered the defendant not to mention in the presence of the jury that there was another lawsuit pending brought by plaintiff based on an earlier back injury. Conoco urges that this ruling was error.
Diane Prince was recovering from surgery at the time of the explosion. This surgery was necessary because of a herniated disc which she claimed were caused by a slip and fall at a Wal-Mart store earlier. A suit against Wal-Mart was pending when the explosion, and re-injury, occurred. A deposition had been taken in the Wal-Mart suit. The defendant desired the right to introduce into evidence the pleadings in that suit, and the deposition, and have the jury look at them.
The trial judge ruled against the admissibility of the pleadings and the deposition. Defendant was allowed to cross-examine from the deposition in an unrestricted fashion. The facts of the Wal-Mart injury and the resulting surgery and disability were presented by plaintiff in her own testimony, and she was uninhibitedly cross-examined. All that was withheld from the jury was the fact that a lawsuit had been filed.
Conoco’s argument is actually based upon the failure of the trial court to admit the other pleadings and the deposition in evidence. This may have been an incorrect *43 ruling. Technically, these could have been admitted, and the trial court could have accomplished its purpose by simply withholding the pleadings and the deposition from the jury. However, the error was harmless, if indeed it was an error, because these documents were made the subject of offers of proof, and they are in the record. Conoco has not in brief advised this court of any content of the deposition or pleadings in the other case that was suppressed as a result of the trial court’s ruling, nor has it specifically addressed how it was prejudiced by the ruling. Thus, the effect of the ruling was only to withhold from the jury the fact that a suit had been filed.
The trial judge in his ruling balanced probative value against prejudice. Had the trial judge allowed the fact of the lawsuit to be known by the jury, it would have aroused unfair prejudice. To erase the prejudice would have required an excessive amount of explanation, additional charges, and additional arguments, which either might not have removed the suspicion, or have removed it so effectively as to place the shoe on the other foot and cause prejudice to the defendant. A mention of the lawsuit was not necessary. It was an avoidable complication, and the trial judge avoided it by its ruling. In another back injury case it was held that evidence of prior back claims was improperly admitted for impeachment purposes, where there was no showing of fraud or other similarity of the accidents except that each involved injuries to plaintiffs back. Daigle v. Coastal Marine, Inc., 482 So.2d 749 (La. 1st Cir.1985), writ granted in part, denied in part, remanded, 488 So.2d 679 (La.1986), rehearing den. 489 So.2d 912 (La.1986), on remand, 500 So.2d 823 (La.App. 1st Cir.1986). The trial court’s ruling in the present case was correct.
Both the Princes and Conoco found fault with the jury charges, primarily for the failure of the trial court to give certain special requested charges. The Princes assign as error the giving of the charge on contributory negligence since there was insufficient evidence to support such a charge. We agree that this was error, as implied in our reversal of the contributory negligence finding. There was no evidence to support the charge of contributory negligence. Jackson v. West Jefferson General Hospital, 245 So.2d 724 (La.App. 4th Cir.1971). Plaintiffs also claim the trial court erred in instructing the jury on what were compensable damages. We have examined the charges, and find that the instruction as to general damages was sufficient.
Mr. Prince in particular complains about the refusal to charge the jury concerning his claim for loss of consortium. We find that the trial court was correct in not instructing the jury as to loss of consortium, and in not making this an item of damages on the verdict sheet. An examination of the pleadings reveals that Mrs. Prince listed a loss of consortium as an item of her damages. However, the loss of consortium claim in a personal injury case is that of the spouse of the injured party, not the injured party. Loss of consortium is an element of damages under La.C.C. art. 2315, the second paragraph of which reads:
“Damages may include loss of consortium, service, and society, and shall be recoverable by the same respective categories of persons who would have had a cause of action for wrongful death of an injured person.”
A spouse is in a category of persons who have a cause of action for wrongful death. C.C. art. 2315.2 A(l).
David Prince was in this case only as an alternative plaintiff to assert any claims for any losses to the community of acquets and gains if it were determined that Diane Prince was not the proper, party to assert those claims. La.C.C. art. 2315 creates a cause of action for loss of consortium only in favor of the spouse of the injured party. Therefore, this claim was the separate property of the husband and not a loss to the community. The trial judge correctly ruled that Mr. Prince could not recover for loss of consortium based upon these pleadings.
Conoco alleges that the lower court erred by instructing the jury only on causation in fact and not instructing the jury on duty/risk and proximate cause. The jury *44 was only instructed on the strict liability of C.C. art. 2317 and not on negligence. Co-noco does not complain that the Article 2317 instruction was improper or inadequate. What the defendant complains about, apparently, is that duty/risk and proximate cause instructions should also have been given to the jury so they could determine if it was negligent. But duty is a question of law. Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364 (La.1984). And whether Conoco knew or should have known of the risk of explosion (the additional fact for determination by the jury had negligence been an issue), was a foregone conclusion, in view of the evidence that Conoco knew the depropanizer gas line needed replacement because of its corroded condition and that, in fact, it was scheduled for replacement when this explosion occurred. If the defendant’s argument that a charge on duty/risk and proximate cause would have more fully advised the jury concerning factors it should have taken into account in determining liability, we reject that contention. The trial judge, explaining what he meant when he said that the plaintiffs must prove there was a defect in the thing that posed an unreasonable risk of harm to others, told the jury:
I mean that the likelihood that harm might occur and the seriousness of such harm if it did happen outweighs the importance to society of the custody of the thing and the way the owner or custodian has chosen to maintain the thing under the circumstances. This means that you are to weigh the magnitude of the possible harm against the utility of custody of the thing under all the prevailing circumstances.”
We find no error in the jury instructions.
DAMAGES
The jury awarded Mrs. Prince $202,-000. Defendant claims it is excessive, largely on the argument that one of plaintiffs experts, a vocational evaluator, testified that her disability was caused 90% by the Wal-Mart fall. We do not find that the award was an abuse of discretion. The medical testimony was that there was significantly more pain after the re-injury. Another operation was necessary and another is almost certain in the future. Medical expenses following the re-injury were shown to be $26,000. Her treating physician and orthopedic surgeon, Dr. Robert Dale Bemauer, who had performed surgery for a ruptured disc after the Wal-Mart injury, testified that she was improving in February and early March 1985. He saw her on March 4 and everything looked all right and there was no swelling. There was pain but this was normal and expected. When she saw him on March 4 her next scheduled visit was one month later. He said that she came in sooner than that and she was complaining of a lot of pain in her back and in her leg. Mrs. Prince was complaining of an increase in pain and was using a cane, the first time she had used a cane coming to Dr. Bemauer’s office. He saw her again on April 1, 1985, and she was complaining of pain and swelling at this time. When he examined her back it looked swollen as if she had had some type of bruising, or swelling, or fluid in her back. He concluded that she had some type of intervening problem to her back. Dr. Bemauer put plaintiff in the hospital and it was while he was going over her physical with her that the doctor learned of the re-injury to her back. Mrs. Prince told him that one night in March, while she was asleep, she heard an explosion, jerked up in bed, jumped out of bed and tripped and fell to the floor. She told him that from that moment she had experienced an increase in back pain. A myelogram showed a large defect at L 4-5. An EMG was positive for irritation to the nerve root at L 5, indicating pressure on the nerve, a finding consistent with her having injured her back after March 4th. She was subsequently subjected to surgery a second time. This time a decompressive laminectomy was done.
As a result of Dr. Bemauer’s findings he testified that there was no doubt in his mind that something happened to her in March 1985 and that she then had re-injured her back.
She was put on percodan, a strong pain medication. Later she was put in Meadow- *45 view Hospital for pain control with some depression noted. The doctor testified that as a result of the second injury she had what is known as a failed back syndrome, meaning that she had a back which had had two surgeries on it. Her fusion had re-sorbed, which meant that there was no fusion between the two vertebrae, and that gave her some instability in her back, which in turn caused her chronic pain, and she had pain in her back with essentially any type of strenuous activity. The bone graft did not take. He attributed this resorption to the re-injury in March 1985. It was his opinion that had she not suffered the re-injury in March 1985 she would have been disabled to some extent but she could have engaged in some type of gainful employment; it was his opinion that the re-injury and its consequences caused her disability to be fixed at 100%. He recommended later surgery, a lateral fusion, in an effort to remedy somewhat the chronic pain, but he stated she was permanently disabled.
It is apparent that the jury made a conscious effort to separate the Wal-Mart damages from the Conoco damages, and awarded only what it perceived to be damages associated with the Conoco accident. For similar injuries attributable to only one tortfeasor, considerably larger awards have been affirmed. See Andrews v. Mosley Well Service, 514 So.2d 491 (La.App. 3rd Cir.1987), writ den. 515 So.2d 807 (La.1987). We find no abuse of discretion in this award. Reck v. Stevens, 373 So.2d 498 (La.1979).
Plaintiff answered the appeal asking for an increase in the award.
We have found that the jury award was not excessive. We also find that it was not so low as to be an abuse of discretion. As stated by the plaintiffs in their brief:
“Plaintiffs’ counsel took great pains to separate out the damages from the initial Wal-Mart injury, and the injuries caused by the Conoco explosion.”
The record reflects that that statement is correct. The jury simply responded to the evidence presented. We can not say in these circumstances that the award was insufficient.
The jury’s finding that Mrs. Prince was contributorily negligent is reversed and set aside. The jury’s assessment of Conoco’s' fault is amended from 80% to 100%. We render judgment holding Conoco solely at fault. In all other respects the judgment appealed from is affirmed at Conoco’s costs.
REVERSED IN PART; AFFIRMED IN PART; AMENDED; AND RENDERED.