**426**

Sylvester CARLISE, Plaintiff,

v.

MONONGAHELA RAILWAY COM-
PANY, a corporation, Defendant and
Third-Party Plaintiff (Valley Camp Coal
Company, a corporation, Third-Party
Defendant and Third-Party Plaintiff;
Pittsburgh & Lake Erie Railroad Com-
pany, a corporation, Third-Party De-
fendant.)

Civ. A. No. 10027.

United States District Court
W. D. Pennsylvania.

Dec. 7, 1954.

Thomas Park Shearer, Oliver, Bran-
don & Shearer, Pittsburgh, Pa., for
plaintiff.

John R. Bredin, Dalzell, McFall,
Pringle & Bredin, Pittsburgh, Pa., for
defendant, Monongahela Ry. Co.

S. M. Chilcote, Dickie, McCamey, Chil-
cote, Reif & Robinson, Pittsburgh, Pa.,
for third-party defendant and third-par-
ty plaintiff, Valley Camp Coal Co.

Chauncey Pruger, Reed, Smith, Shaw
& McClay, Pittsburgh, Pa., for third-
party defendant, Pittsburgh & Lake Erie
R. Co.

MARSH, District Judge.

This action was initially brought by
the plaintiff against the defendant, Mo-
nongahela Railway Company, pursuant
to the Federal Employers' Liability Act,
45 U.S.C.A. § 51 et seq., for personal in-

juries allegedly suffered by plaintiff on June 23, 1951.

On December 4, 1951, the Railway Company brought in the Valley Camp Coal Company as a third-party defendant. On January 10, 1952, the Valley Camp Coal Company brought in the Pittsburgh & Lake Erie Railroad Company as a third-party defendant.

On June 8, 1954, the plaintiff filed an "Amendment to Complaint" which, after stating the usual jurisdictional allegations of amount involved and of diversity of citizenship between plaintiff and each of the third-party defendants, asserts causes of action against them based upon common law negligence. It moved that these amendments be allowed.

The Valley Camp Coal Company opposes the allowance of the amendment as to it for the reason that the statute of limitations has run against the plaintiff.

The plaintiff agrees that the period of limitations has expired. He argues, however, that his action is not barred by said expiration since plaintiff and Valley Camp Coal Company are opposing parties *without amendment,* whether they elect to be so or not; citing Lommer v. Scranton-Spring Brook Water Service Co., D.C.M.D.Pa.1944, 4 F.R.D. 104; Atlantic Coast Line R. Co. v. U. S. Fidelity & Guaranty Co., D.C.Ga.1943, 52 F.Supp. 177, 186.[1] It will be observed that these cases were decided before Rule 14(a), Fed.Rules Civ.Proc., was amended in 1946, 28 U.S.C.

In a footnote to Patton v. Baltimore & O. Railroad Co., 3 Cir., 1952, 197 F.2d 732, at page 734, Chief Judge Biggs of the Third Circuit Court of Appeals wrote:

"In 1946 Rule 14(a), FRCP, relating to joinder of parties was amended to render no longer possible the tender to plaintiffs of additional defendants. The sole basis for now including a third-party defendant in a suit is liability over to the defendant."

Thus the operation of Rule 14(a) of itself did not instill life into plaintiff's action against the third-party defendant, and neither, in our opinion, did the "Amendment to Complaint". That instrument, in effect, is an original complaint commenced too late by plaintiff against the third-party defendant. Cf. Horan v. Pope & Talbot, Inc., D.C.E.D. Pa.1953, 119 F.Supp. 711.

Pursuing the matter further, it is to be observed that in diversity actions where the plaintiff and a third-party defendant are citizens of the same state, the plaintiff cannot implead the third-party defendant and obtain a judgment against him. Patton v. Baltimore & O. Railroad Co., supra. That case stands for the principle that what a plaintiff cannot do in a direct action against a third-party defendant, he cannot do indirectly in an ancillary action against the third-party defendant. Cf. Osthaus v. Button, 3 Cir., 1934, 70 F.2d 392. An application of that principle, in the instant situation, we think, is effective to bar plaintiff from obtaining a judgment against Valley Camp Coal Company, the third-party defendant here, by way of the proposed pleading or otherwise, since in a direct action against that Company, the plaintiff would be barred by the statute of limitations.

In view of the fact that the Pittsburgh & Lake Erie Railroad, the other third-party defendant, has not opposed the plaintiff's motion, the amendment as to it will be allowed, but the amendment against the Valley Camp Coal Company will be refused.

---

1. We do not think Adam v. Vacquier, D.C.W.D.Pa.1942, 28 F.Supp. 275, also cited, is in point.