Christobal ROSARIO, Appellee,

v.

AMERICAN EXPORT–ISBRANDTSEN LINES, INC.

v.

UNITED STATES of America, Appellant.

No. 75–1741.

United States Court of Appeals, Third Circuit.

Argued Jan. 23, 1976.

Decided March 8, 1976.

Rex E. Lee, Washington, D. C., Robert E. J. Curran, Philadelphia, Pa., William Kanter, Michael H. Stein, Washington, D. C., for appellant.

Robert C. Daniels, Freedman, Borowsky & Lorry, Philadelphia, Pa., for appellee.

Before HUNTER, KALODNER and GARTH, Circuit Judges.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge:

The critical question presented by this appeal is whether Rosario, appellee here and plaintiff below, may be permitted to file a complaint under the Federal Tort Claims Act against the United States, which was brought into the case as a third-party defendant by American Export-Isbrandtsen Lines, without first filing an administrative claim with the appropriate government agency as required by 28 U.S.C. § 2675(a) (1970). The district court answered this question in the affirmative. For the reasons set forth below, we reverse.

### I.

On March 31, 1971, Christobal Rosario, a merchant seaman, instituted this action against American Export-Isbrandtsen Lines, Inc., under the Jones Act, 46 U.S.C. § 688 et seq., for injuries he sustained while employed aboard the defendant's vessel in

1970.[1] Subsequently, on April 27, 1972, American Export-Isbrandtsen joined the United States of America as a third-party defendant under rule 14 *Federal Rules of Civil Procedure*. The third-party complaint sought indemnity or contribution from the United States for failure to render adequate medical treatment and care to appellee during his contact with and treatment by facilities of the United States Public Health Service.[2] Jurisdiction over the third-party complaint was based on the Federal Tort Claims Act, 28 U.S.C. § 1346 (1970). The government answered the third-party complaint on August 22, 1972, denying liability to American Export-Isbrandtsen.

On April 4, 1974, appellee filed a complaint against the United States styled "Plaintiff's Complaint and Cross-Claim Against Third-Party Defendant, United States of America." The complaint alleged jurisdiction based on the Federal Tort Claims Act and liability founded on the same acts of medical negligence as had been asserted by American Export-Isbrandtsen in its third-party complaint. Thereafter, the government moved to dismiss appellee's complaint on the grounds that no administrative claim had been presented to the appropriate government agency as required by 28 U.S.C. § 2675(a) (1970) and that the statute of limitations had run on appellee's cause of action. The district court, on July 24, 1974, denied the government's motion because it considered appellee's complaint against the government to be a third-party complaint under rule 14 of the *Federal Rules of Civil Procedure* and thus exempt from the filing of administrative claim requirement in section 2675(a). However, the court granted the government leave to renew its statute of limitations contention at a later time.[3]

Trial of Rosario's Federal Tort Claims Act claim against the United States was held on December 4–6, 1974 after he had settled his Jones Act claim against American Export-Isbrandtsen. At the conclusion of all the evidence, the court found that the statute of limitations had not run on appellee's cause of action. Thereafter, on April 2, 1975, the court entered judgment in favor of appellee and against the United States for $288,648.[3a] This appeal followed.[4]

## II.

It is well settled that the United States, as sovereign, is immune from suit

1. The facts concerning appellee's injuries and his subsequent treatment are adequately set forth in the district court's opinion and need not be reviewed here. *Rosario v. American Export-Isbrandtsen Lines, Inc.*, 395 F.Supp. 1192 (E.D.Pa.1975).

2. The third-party complaint stated, in pertinent part:

By reason of the foregoing fault and negligence of third-party defendant, third-party plaintiff is justly entitled to full or partial indemnity, or contribution, for any verdict and judgment rendered in favor of the plaintiff, all or part of the maintenance and cure payments made or to be made by defendant to plaintiff, as well as all costs, counsel fees and expenses incurred in defense of this action.

WHEREFORE, third-party plaintiff demands indemnity, or contribution, as well as counsel fees and costs, from third-party defendant.

App. at 15.

3. 395 F.Supp. at 1196.

3a. The court found that Rosario's injuries were caused by the negligence of Long Beach Hospital and the Public Health Service and that the government was responsible for the negligence of Long Beach Hospital. Alternatively the district court found that the negligence of the Public Health Service physicians was the independent cause of Rosario's injuries. The government does not contest the district court's factual finding based upon medical malpractice liability or the amount of the damage award.

4. On appeal, the government urged that appellee's cause of action was barred both because of his failure to file an administrative claim and because of the statute of limitations. In light of our disposition of the failure to file an administrative claim contention, see p. 10 *infra*, we need not and do not reach the question of whether the district court erred in finding that appellee's claim was not barred by the statute of limitations.

except as it consents to be sued and that the terms of its consent to be sued in any court define the court's jurisdiction to entertain the action. *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058, 1061 (1941); *Bialowas v. United States*, 443 F.2d 1047, 1048–49 (3d Cir. 1971). The United States has consented to be sued for torts committed by its employees while acting within the scope of their employment in the Federal Tort Claims Act. 28 U.S.C. § 1346 (1970). But as a prerequisite to suit under the Act, 28 U.S.C. § 2675(a) requires that the claim first be presented to the appropriate federal agency and be finally denied by the agency.[5] This requirement is jurisdictional and cannot be waived. *Pennsylvania v. National Association of Flood Insurers*, 520 F.2d 11, 23–24 (3d Cir. 1975); *Bialowas v. United States*, supra at 1049.[6]

▮ Thus, it is undisputed that appellee could not have instituted this action against the United States directly without filing an administrative claim pursuant to section 2675(a). However, the last sentence

of section 2675(a) provides that "[t]he provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim." Appellee asserts, and the district court agreed,[7] that his complaint was a "third-party complaint" and thus within the exception provided in the last sentence of section 2675(a). We disagree.[8]

▮ Third party practice in the federal courts is governed by rule 14 of the *Federal Rules of Civil Procedure*. Initially, we note that there is some dispute whether the district court's holding that appellee's complaint against the United States was a third-party complaint was grounded on rule 14(a), the section governing third-party practice in general, or ·on rule 14(c), the section concerning third-party practice in admiralty cases.[9] However, since in our opinion neither rule 14(a) nor rule 14(c) enables appellee to take advantage of the last sentence of section 2675(a), we need not determine the precise basis for the district court's conclusion.[10]

5. Section 2675(a) provides:

(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

6. *E. g. Executive Jet Aviation, Inc. v. United States*, 507 F.2d 508, 514 (6th Cir. 1974); *Caton v. United States*, 495 F.2d 635, 637 (9th Cir. 1974); *Best Bearings Co. v. United States*, 463 F.2d 1177, 1179 (7th Cir. 1972).

7. 395 F.Supp. at 1196.

8. Appellee's claim against the government is not a counterclaim as the government asserted no claim against appellee. *See* 6 C. Wright & A. Miller, Federal Practice & Procedure § 1444, at 234 (1971) (hereinafter cited as "Wright & Miller"). It is equally apparent that despite the caption of appellee's complaint, it does not constitute a cross-claim as appellee and the government were adverse parties and not co-parties. *See Schwab v. Erie Lackawanna R.R.*, 438 F.2d 62, 65–66 (3d Cir. 1971); *Stahl v. Ohio River Co.*, 424 F.2d 52, 55 (3d Cir. 1970).

9. Rule 14(b), which permits a plaintiff to commence a third-party action when a counterclaim has been asserted against him, is inapplicable to the instant case because no counterclaim was asserted against appellee.

10. Additionally, we recognize that rule 14(c) is not exclusive of, but rather supplemental to rule 14(a) and that rule 14(c) must be interpreted by reference to rule 14(a). 3 J. Moore, Federal Practice ¶ 14.31[1], at 14–725 (2d ed. 1974) (hereinafter cited as "Moore"); Wright & Miller § 1465, at 346 (1971).

Rule 14(c),[11] which the district court initially stated "controlled" plaintiff's complaint against the United States, cannot be of aid to appellee.[12] Rule 14(c) provides that when a plaintiff asserts an admiralty or maritime claim, as was the situation *sub judice*, the defendant or claimant, as third-party plaintiff, may bring in a third-party defendant who may be liable either to the plaintiff or to the third-party plaintiff because of the same transaction or occurrence that forms the basis for the original admiralty action. Appellee is clearly not a defendant; nor is he a claimant since the term "claimant" refers to the claimant of seized property who is defending an in rem action.[13] Rule 14(c) does state that in the event the third-party plaintiff demands judgment against the third-party defendant in favor of the plaintiff, the action shall proceed as if the plaintiff had commenced it against the third-party defendant originally. In the instant case, however, American Export-Isbrandtsen demanded judgment against the United States in favor of itself not in favor of appellee,[14] and, therefore, this provision is inapplicable.

Rule 14(a)[15] permits the plaintiff to assert against a third-party defendant who has already been brought into the

11. Rule 14(c) states:

(c) Admiralty and Maritime Claims. When a plaintiff asserts an admiralty or maritime claim within the meaning of Rule 9(h), the defendant or claimant, as a third-party plaintiff, may bring in a third-party defendant who may be wholly or partly liable, either to the plaintiff or to the third-party plaintiff, by way of remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences. In such a case the third-party plaintiff may also demand judgment against the third-party defendant in favor of the plaintiff, in which event the third-party defendant shall make his defenses to the claim of the plaintiff as well as to that of the third-party plaintiff in the manner provided in Rule 12 and the action shall proceed as if the plaintiff had commenced it against the third-party defendant as well as the third-party plaintiff.

12. Appellee seems to have conceded this point by not even arguing for the applicability of rule 14(c) on appeal.

13. *See* G. Gilmore & C. Black, The Law of Admiralty 36 (2d ed. 1975); 3 Moore ¶ 14.34, at 14–746; 6 Wright & Miller § 1465, at 343; *cf.* Fed.R.Civ.P. 14(a), note 15 *infra* (if the third-party complaint is an action in rem, references in the rule to third-party plaintiff and third-party defendant include the claimant of property seized).

14. See note 2 *supra*. The defendant clearly has the right to refrain from alleging the third-party defendant's direct liability to the plaintiff. 6 Wright & Miller, § 1465, at 347.

15. Rule 14(a) provides:

(a) When Defendant may Bring in Third Party. At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The third-party plaintiff need not obtain leave to make the service if he files the third-party complaint not later than 10 days after he serves his original answer. Otherwise he must obtain leave on motion upon notice to all parties to the action. The person served with the summons and third-party complaint, hereinafter called the third-party defendant, shall make his defenses to the third-party plaintiff's claim as provided in Rule 12 and his counterclaims against the third-party plaintiff and cross-claims against other third-party defendants as provided in Rule 13. The third-party defendant may assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim. The third-party defendant may also assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff. The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff, and the third-party defendant thereupon shall assert his defenses as provided in Rule 12 and his counterclaims and cross-claims as provided in Rule 13. Any party may move to strike the third-party claim, or for its severance or separate trial. A third-party defendant may proceed under this rule against any person not a party to the action who is or may be liable to him for all or part of the claim made in the action against the third-party defendant. The third-party complaint, if within the admiralty and maritime jurisdiction, may be in rem against a vessel, cargo, or other property subject to admiralty or maritime process in rem, in which case references in this rule to the summons include the

action any claim which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff. Appellee contends that its complaint against the United States· is a "third-party complaint" by virtue of this portion of rule 14(a). We disagree. Appellee's complaint against the United States was not a *third-party* complaint but rather was a *direct,* in effect *original,* complaint by the plaintiff against the third-party defendant. *See Monarch Industrial Corp. v. American Motorists Insurance Co.,* 276 F.Supp. 972, 981 (S.D.N.Y.1967); *Carlise v. Monongahela Ry.,* 16 F.R.D. 426, 427 (W.D.Pa.1954).[16] Since there must exist an independent jurisdictional basis for the direct claim of a plaintiff against the third-party defendant under rule 14(a), *Patton v. Baltimore & Ohio R.R.,* 197 F.2d 732, 743–45 (3d Cir. 1952); *Gladden v. Stockard S.S. Co.,* 184 F.2d 510, 512 (3d Cir. 1950); *Pearce v. Pennsylvania R.R.,* 162 F.2d 524, 528 (3d Cir.), *cert. denied,* 332 U.S. 765, 68 S.Ct. 71, 92 L.Ed. 350 (1947),[17] and since appellee failed to meet the jurisdictional prerequi-

sites to suit under the Federal Tort Claims Act by filing an administrative claim as required by section 2675(a), his cause of action against the government should have been dismissed for lack of jurisdiction. *Bernard v. United States Lines, Inc.,* 475 F.2d 1134, 1136 (4th Cir. 1973).[18]

Our conclusion that appellee was required to file an administrative claim is buttressed by a consideration of the policies underlying section 2675(a) and the purpose behind the statutory exception for third-party complaints. Section 2675(a) was enacted in 1966 to improve and expedite the disposition of tort claims against the government by establishing a system of prelitigation administrative consideration and settlement of claims, thereby reducing court congestion and eliminating unnecessary litigation. *Pennsylvania v. National Association of Flood Insurers,* 520 F.2d 11, 23 n.27 (3d Cir. 1975); *Meeker v. United States,* 435 F.2d 1219, 1222 (8th Cir. 1970); 2 U.S.Code Cong. & Admin.News 2515–20 (1966). To permit appellee to maintain this action against the United States would undermine the impor-

warrant of arrest, and references to the third-party plaintiff or defendant include, where appropriate, the claimant of the property arrested.

**16.** The Advisory Committee Note to the 1946 Amendment to rule 14(a), states:

[T]he plaintiff may, if he desires, assert *directly* against the third-party defendant either by amendment or by a new pleading any claim he may have against him arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff.

3 Moore ¶ 14.01[3], at 14–41 (emphasis added).

**17.** *Kenrose Mfg. Co. v. Fred Whitaker Co.,* 512 F.2d 890, 893 (4th Cir. 1972); Advisory Committee Note to 1946 Amendments to Rule 14(a) of the Federal Rules of Civil Procedure, 3 Moore ¶ 14.01[3], at 14–40 ("in any case where the plaintiff could not have joined the third party originally because of jurisdictional limitations . . . the majority view is that any attempt by the plaintiff to amend his complaint and assert a claim against the unpleaded third party would be unavailing").

The question whether a direct claim by a plaintiff against a third-party defendant under rule 14(a) is within the ancillary jurisdiction of the federal courts was not briefed or argued before this court on appeal although the dis-

trict court was apparently presented with this contention and rejected it. 395 F.Supp. at 1195. Several commentators and some district courts have contended that such claims may be cognizable by federal courts under the doctrine of ancillary jurisdiction, *e. g.,* 3 Moore ¶ 14.-27[1], at 14–565 to –574 (cases cited therein); 6 Wright & Miller § 1444, at 229–32, although we note that as yet no court of appeals has adopted the ancillary jurisdiction argument. *Kenrose Mfg. Co. v. Fred Whitaker Co., supra* at 894. However, even if we were to adopt the argument that a plaintiff's direct claim against a third-party defendant is within the ancillary jurisdiction of the federal courts, the exercise of the court's discretionary power under that doctrine would clearly have been inappropriate in the instant case because of the policy underlying section 2675(a), pp. 9–10 *infra,* and because by the time of trial appellee's claim against American Export-Isbrandtsen had been settled. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 726–29, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218, 228 (1966).

**18.** Since *Abramovitch v. United States Lines, Inc.,* 174 F.Supp. 587 (S.D.N.Y.1959), the only case relied on by appellee, dealt with venue requirements of the Federal Tort Claims Act and not with the jurisdictional requisites, the case is inapposite.

tant policy in favor of prelitigation administrative review and possible settlements expressed in section 2675(a). Appellee would be able to do indirectly that which he could clearly not do directly. In addition, the reasons for allowing a third-party plaintiff to institute a complaint against the United States without first filing an administrative claim do not apply in the instant case. In the former instance, the third-party plaintiff is forced into the action by the plaintiff and has no choice but to assert any claims he might have against those who might be responsible for the acts he is charged with in the plaintiff's complaint. In the case at bar, on the other hand, appellee had the choice to claim against whomever he wished. Certainly he could have filed an administrative claim under the Federal Tort Claims Act against the United States and, at the same time, brought his Jones Act suit against American Export-Isbrandtsen with a minimum of hardship. Indeed, he may have been able to settle both claims without the need for the extensive litigation that resulted here.

Appellee's final argument in support of jurisdiction is an equitable one. He asserts that since there is already an existing lawsuit in which the United States is a party, we should allow him to maintain his claim against the government. This contention need not detain us long. The simple answer is that section 2675(a) is a jurisdictional prerequisite to suit under the Federal Tort Claims Act and cannot be waived. See p. 4 *supra*.[19]

### III.

Accordingly, the judgment of the district court will be reversed and the case will be remanded with directions to dismiss appellee's "Complaint and Cross-claim" against the United States for failure to file an administrative claim as required by section 2675(a).

---

**19.** Appellee also argues that we should permit the judgment against the government to stand because at the time the district court denied the motion of the United States to dismiss his claim, appellee still could have filed an administrative claim within the permissible time period. Instead, he relied on the district court's holding that the filing of such a claim was unnecessary, and because of this reliance, we should not now dismiss his claim. While it is unfortunate that appellee decided that he would litigate this issue rather than protect his cause of action by filing an administrative claim, we cannot ignore the lack of jurisdiction in the district court. This case is no different from the situation where a plaintiff determines to litigate the issue of diversity or jurisdictional amount in the federal courts rather than file a protective suit in state court. If diversity is lacking or the jurisdictional amount not met, the federal court must dismiss, regardless of the status of the state cause of action at the time of dismissal.