**Stanley Lee WEST, Sr. and Faye West, as next friends and parents of Stanley Lee West, Jr., Appellees,**

v.

**UNITED STATES of America, Appellant.**

**No. 78–1449.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 13, 1978.

Decided Feb. 16, 1979.

Eloise E. Davies, Atty., Appellate Section, Civil Div., Dept. of Justice, Washington, D. C., for appellant; Barbara Allen Babcock, Asst. Atty. Gen., William Kanter, Atty., Appellate Section, Civil Div., Dept. of Justice, Washington, D. C., and William H. Dillahunty, U. S. Atty., Little Rock, Ark., on brief.

Bill R. Holloway, Holloway & Haddock, Lake Village, Ark., for appellees.

Before HEANEY and McMILLIAN, Circuit Judges, and SMITH,* Senior District Judge.

McMILLIAN, Circuit Judge.

This is an interlocutory appeal from an order entered by the District Court for the Eastern District of Arkansas denying appellant United States' motions to dismiss appellees' amended complaint and for summary judgment. For the reasons discussed below, we reverse the order of the district court and remand the case with directions to dismiss for lack of jurisdiction.

On December 3, 1973, infant Stanley Lee West, Jr. was seriously injured by a leaking hot water bottle. The hot water bottle had been placed in the infant's hospital crib on the orders of his doctor. Appellees, the infant's parents, Stanley Lee West, Sr. and Faye West, began this action in federal district court on April 1, 1974, against Davol, Inc., the manufacturer of the hot water bottle, and Luffey's Medical and Surgical Supply, Inc., the seller. Jurisdiction was based on diversity of citizenship. 28 U.S.C. § 1332(a). Appellees are residents of Arkansas; Davol and Luffey's are foreign corporations. On February 20, 1975, while

taking the discovery deposition of the infant's attending physician at the time of the injury, Dr. Howard Henjyoji, the parties learned that Dr. Henjyoji was an officer in the National Health Service Corps, a branch of the United States Public Health Service (USPHS), and as such an employee of the United States government.

In September, 1975, Davol was granted leave to file a third-party complaint naming as third-party defendants Chicot Memorial Hospital, hospital administrator Paul Steinle, and Dr. Henjyoji. Fed.Rules Civil Pro. Rule 14(a). On October 1, 1975, the United States Attorney appeared as attorney for Dr. Henjyoji, pursuant to 42 U.S.C. § 233, and was granted additional time for answering the third-party complaint. On December 1, 1975, the United States Attorney certified that Dr. Henjyoji was a commissioned USPHS officer and moved to dismiss the complaint against Dr. Henjyoji and to substitute the United States as third-party defendant. On December 2, 1975, the United States answered the third-party complaint by denying all allegations of negligence on the part of Dr. Henjyoji.

In February and April of 1976, appellees moved for leave to amend their complaint to assert claims against third-party defendants the United States, the hospital and the hospital administrator. On May 4, 1976, a settlement was reached between appellees and original defendants Davol and Luffey's. All claims against Davol and Luffey's were dismissed. The hospital and hospital administrator were subsequently dismissed as "unnecessary parties."

On May 21, 1976, the United States first raised the question of appellees' failure to file an administrative claim. The United States opposed appellees' motion for leave to amend, arguing lack of jurisdiction for failure to file a timely administrative claim. 28 U.S.C. §§ 2401(b), 2675(a). The district court granted appellees' motion to file an amended complaint in September 1976.

---

* The Honorable Talbot Smith, Senior District Judge, Eastern District of Michigan, sitting by designation, participated in the post-argument conference prior to his death on December 21, 1978.

This amended complaint, filed October 4, 1976, alleged negligence on the part of Dr. Henjyoji in ordering the hot water bottle placed in the infant's crib and that this negligence was the proximate cause of the injury. Appellees sought damages of $4.3 million.

On October 8, 1976, the United States moved to dismiss for failure to file a timely administrative claim. This motion was denied; the United States moved for reconsideration or, in the alternative, for certification of an interlocutory appeal. Pending disposition of the motion for reconsideration, it was determined through discovery that appellees were almost immediately aware of the injury, that Dr. Henjyoji was known by appellees to have been the infant's attending physician since his birth, that appellees had filed an administrative claim with the Department of Health, Education and Welfare on May 28, 1976, and that their claim had been denied on July 6, 1976. On the basis of this information, the United States moved for summary judgment on August 2, 1977. The district court denied the motions to dismiss and for summary judgment. This court granted the United States' application for interlocutory appeal.

■ The question presented by this appeal is whether the original plaintiffs in a diversity action, in which the United States has been made a third-party defendant, can assert a claim directly against the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346, without having first filed a timely administrative claim? In memorandum briefs submitted to the district court, appellees argued that their amended complaint had been made pursuant to Rule 14(a) of the Federal Rules of Civil Procedure and therefore fell within the third-party practice exception of 28 U.S.C. § 2675(a) [1], which specifically exempts such claims as may be asserted by third-party complaints, crossclaim or counterclaim. Cf. United States v. Miller, 400 F.Supp. 1080, 1084 n.10 (S.D.N.Y.1975) (if considered counterclaim under Rule 8(b), then judgment creditor's counterclaim for waste in action by the United States to foreclose mortgage is within third-party practice exception of 28 U.S.C. § 2675(a)). On appeal the United States argues that appellees' amended complaint did not fall within the third-party practice exception because it was a direct and original complaint. Further, the United States argues that appellees' complaint against the United States as third-party defendant required an independent jurisdictional basis which was lacking because appellees failed to file a timely administrative claim.

In addition, appellees argue on appeal that their malpractice claim did not accrue until February 20, 1975, when they learned through discovery that Dr. Henjyoji was a government employee and had ordered the hot water bottle placed in the crib. Appellees also argue that if their claim did accrue at the time of the injury, the United States deliberately delayed filing its answer and motion to substitute until December 2, 1975, the day before the expiration of the statutory period, and thus denied appellees the opportunity to file a timely administrative claim.

Although the language of Rule 14(a) [2] does not explicitly address the question

1. 28 U.S.C. § 2675(a) provides:

(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

2. Rule 14(a) provides:

(a) *When Defendant May Bring in Third Party.* At any time after commencement of the action a defending party, as a third-party

presented in this case, that is, whether an original plaintiff's complaint against a third-party defendant is a third-party complaint, we are persuaded that such a complaint is *not* a third-party complaint. We believe that under Rule 14(a) a third-party complaint refers to the claim asserted by the *third-party plaintiff* against the *third-party defendant.* This interpretation is also applicable to the characterization of third-party counterclaims and crossclaims.

The Third Circuit held similarly in *Rosario v. American Export-Isbrandtsen Lines, Inc.,* 531 F.2d 1227 (3d Cir.), *cert. denied,* 429 U.S. 857, 97 S.Ct. 156, 50 L.Ed.2d 135 (1976), *rev'g* 395 F.Supp. 1192 (E.D.Pa. 1975); *accord, Bernard v. United States Lines, Inc.,* 475 F.2d 1134, 1136 (4th Cir. 1973). *Contra Kelley v. United States,* 568 F.2d 259 (2d Cir.), *cert. denied,* —— U.S. ——, 99 S.Ct. 106, 58 L.Ed.2d 124 (1978).[3] In *Rosario* the plaintiff, a merchant seaman, instituted an action against his employer under the Jones Act, 46 U.S.C. § 688, for injuries sustained while aboard ship. The employer joined the United States as a third-party defendant, seeking indemnity or contribution for failure to render adequate medical care. The plaintiff had been treated by facilities of the USPHS. The plaintiff then filed a complaint against the United States alleging negligence. The United

States moved to dismiss the plaintiff's complaint on the ground that no timely administrative claim had been filed. The district court denied the motion because it considered the complaint to be a third-party complaint within the third-party practice exception of 28 U.S.C. § 2675(a). 395 F.Supp. at 1295–96. The Third Circuit reversed and held the plaintiff's complaint against the United States was not "a *third-party* complaint but rather was a *direct,* in effect *original,* complaint by the plaintiff against the third-party defendant." 531 F.2d at 1233 (citations omitted) (emphasis in original). The court noted that the reasons behind the third-party exception did not apply in *Rosario.* Because "the third-party plaintiff is forced into the action by the plaintiff and has no choice but to assert any claims he might have against those who might be responsible for the acts he is charged with in the plaintiff's complaint," *id.* at 1234; *see also Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 375–376 & nn.18–19, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978), the third-party practice exception permits him to make a claim against the United States without first filing a timely administrative claim.

■ This characterization of appellees' complaint as a direct complaint is supported

---

plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. . . . The person served with the summons and third-party complaint, hereinafter called the third-party defendant, shall make his defenses to the third-party plaintiff's claim as provided in Rule 12 and his counterclaims against the third-party plaintiff and cross-claims against other third-party defendants as provided in Rule 13. The third-party defendant may assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim. The third-party defendant may also assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff. The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff, and the third-party defendant thereupon shall as-

sert his defenses as provided in Rule 12 and his counterclaims and cross-claims as provided in Rule 13. . . .

**3.** We note that *Kelley* involved slightly different facts. In that case the plaintiff brought an action in state court, within two years of the automobile accident, against a federal government employee and another person. The United States did not learn of its involvement in the case (the employee was on federal business at the time) until more than two years after the accident and then removed the case to federal district court. The case involved interpretation of the Federal Drivers Act, 28 U.S.C. § 2679(b)–(e) (amended by Pub.L. 87–258, § 2). 568 F.2d at 263. We disagree with *Kelley* to the extent that it relies upon the third-party practice exception of 28 U.S.C. § 2675(a) to support its holding that the plaintiff's action could be maintained against the United States as substituted defendant even though no timely administrative claim had been made. *Id.* at 265.

by an analysis of jurisdictional considerations. Unlike the typical third-party claim between the third-party plaintiff and the third-party defendant which, if it does not satisfy federal jurisdiction requirements, is treated as within the ancillary jurisdiction of the federal courts, e. g., *Dery v. Wyer*, 265 F.2d 804, 808 (2d Cir. 1959); *see generally* 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1444 (1971), the claim of the original plaintiff against the third-party defendant must have an independent jurisdictional basis.[4] *Owen Equipment & Erection Co. v. Kroger, supra*, 437 U.S. at 376–377, 98 S.Ct. 2396 (1978) (diversity jurisdiction); *Fawvor v. Texaco, Inc.*, 546 F.2d 636, 639 n.7 (5th Cir. 1977); *Rosario v. American Export-Isbrandtsen Lines, Inc., supra*, 531 F.2d at 1233 n.17; *Kenrose Mfg. Co. v. Fred Whitaker Co.*, 512 F.2d 890, 893 (4th Cir. 1970). *But see Buresch v. American La France*, 290 F.Supp. 265, 267 (W.D. Pa.1968); *Olson v. United States*, 38 F.R.D. 489 (D.Neb.1965); *see generally* 6 C. Wright & A. Miller, *Federal Practice and Procedure* §§ 1444, 1450; 3 J. Moore, *Moore's Federal Practice* § 14.27[1] (3d ed. 1974).

█ Jurisdiction over appellees' complaint against the United States was based on the Federal Tort Claims Act. Section 2675(a) of 28 U.S.C. requires that any claim must first be presented to the appropriate administrative agency and denied. The administrative claim must be presented within two years after it accrues. 28 U.S.C. § 2401(b); e. g., *Meeker v. United States*, 435 F.2d 1219 (8th Cir. 1970). Moreover, the filing of a timely administrative claim is a jurisdictional requirement. *E. g., Peter-*

*son v. United States*, 428 F.2d 368, 369 (8th Cir. 1970). Appellees did not present their claim until May 28, 1976,[5] more than two years after their claim accrued (date of injury December 3, 1973). Because appellees failed to file a timely administrative claim, there was no independent jurisdictional basis to support their complaint against the United States. Appellees may not indirectly establish jurisdiction when they have failed to do so directly under the Federal Tort Claims Act. The district court should have dismissed their complaint for lack of jurisdiction. *See Rosario v. American Export-Isbrandtsen Lines, Inc., supra*, 531 F.2d at 1233; *Bernard v. United States Lines, supra*, 475 F.2d at 1136.

█ Appellees argue that their malpractice claim did not accrue until February 20, 1975, when they discovered that Dr. Henjyoji had ordered the hot water bottle placed in the infant's crib[6] and that he was a government employee and that their administrative claim filed in May or June of 1976 was therefore timely. We disagree.

In medical malpractice actions, the claim "accrues" when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged malpractice upon which the cause of action is based.

· · ·

But when the facts [become] so grave as to alert a reasonable person that there may have been negligence related to the treatment received, the statute of limitations [begins] to run against the [claimant's] cause of action.

---

**4.** Cf. *Monarch Industrial Corp. v. American Motorists Insurance Co.*, 276 F.Supp. 972, 981 (S.D.N.Y.1967) (statute of limitations); *Carlise v. Monongahela Ry.*, 16 F.R.D. 426, 427 (W.D. Pa.1954) (statute of limitations); *Lommer v. Scranton-Spring Brook Water Service Co.*, 3 F.R.D. 27, 28 (M.D.Pa.1943) (statute of limitations).

**5.** The administrative claim was not received by HEW until June 4, 1976; however, under our analysis it makes no difference whether the administrative claim was filed May 28, 1976, or June 4, 1976. Cf. *Steele v. United States*, 390 F.Supp. 1109, 1112 (S.D.Cal.1975) ("presented"

at a minimum requires filing; mailing is insufficient to accomplish filing).

**6.** Appellees cite *Exnicious v. United States*, 563 F.2d 418, 420–21 (10th Cir. 1977), in support of the accrual of their claim on February 20, 1975. We do not believe *Exnicious* is applicable to the present case. Unlike *Exnicious* in which the claimant received a credible explanation of his chronic condition and involved an inaccurate diagnosis, the present case is one in which the time of the injury and its cause, although not the party responsible, are fairly straightforward.

*Hulver v. United States,* 562 F.2d 1132, 1134 (8th Cir. 1977), *cert. denied,* 435 U.S. 951, 98 S.Ct. 1576, 55 L.Ed.2d 800 (1978), *citing Reilly v. United States,* 513 F.2d 147, 148 (8th Cir. 1975) (citations omitted). In the present case appellees were immediately aware of the injury and also knew that Dr. Henjyoji was the infant's attending physician. In view of the serious nature of the facts a reasonable person should have been alerted at the time of injury that there may have been negligence. Appellees did in fact begin this action on April 1, 1974, alleging, among other theories, negligence on the part of Davol.[7]

■ Moreover, appellees could have filed an administrative claim after learning of Dr. Henjyoji's status as a government employee on February 20, 1975, and have been well within the two-year statutory period. The statutory period did not end until December 3, 1975. Appellees certainly should have been aware of the Federal Tort Claims Act and its jurisdictional prerequisites at the latest by October, 1975, when the United States Attorney appeared on behalf of Dr. Henjyoji, citing 42 U.S.C. § 233[8], and moved for an extension of time to file an answer. For these reasons, even though the United States did not answer or move to be substituted until the day before appellees' time to file a timely administrative claim had expired, we do not believe appellees were "lull[ed] . . . into a false sense of security." *Kelley v. United States, supra,* 568 F.2d at 262. In short, we are unable to characterize this case as one involving "innocent ignorance" of the doctor's status or "ingenuous blunder." *Id.*

The order of the district court is reversed and remanded with directions to dismiss for lack of jurisdiction.

---

7. We note that Davol's third-party complaint against Dr. Henjyoji contained specific allegations of negligence.

8. 42 U.S.C. § 233(a), (b) provide:

(a) The remedy against the United States provided by sections 1346(b) and 2672 of Title 28 . . . for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

(b) The Attorney General shall defend any civil action or proceeding brought in any court against any person referred to in subsection (a) of this section (or his estate) for any such damage or injury. Any such person against whom such civil action or proceeding is brought shall deliver within such time after date of service or knowledge of service as determined by the Attorney General, all process served upon him or an attested true copy thereof to his immediate superior or to whomever was designated by the Secretary to receive such papers and such person shall promptly furnish copies of the pleading and process therein to the United States attorney for the district embracing the place wherein the proceeding is brought, to the Attorney General, and to the Secretary.