Evelyn SNORGRASS, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. CV-81-2422.

United States District Court, E.D. New York.

Jan. 28, 1983.

**34**

Harrison & Rothbard, Alan T. Rothbard, Forest Hills, N.Y., for plaintiff.

Edward R. Korman, U.S. Atty., E.D.N.Y., Winstanley F. Luke, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

## MEMORANDUM OF DECISION AND ORDER

COSTANTINO, District Judge.

Plaintiff Evelyn Snorgrass ("Snorgrass") has moved for leave to file an administrative claim with the Drug Enforcement Administration. In the action already instituted by plaintiff pursuant to the Federal Tort Claims Act against the United States and the Customs Service and the Justice Department (United States Marshalls), Snorgrass seeks to recover damages for injuries she claims were sustained as a result of her alleged unlawful arrest, imprisonment and detention upon arrival on May 13, 1980 at John F. Kennedy International Airport. The instant complaint was filed on July 27, 1981. For the reasons set forth below, and in consideration of the oral argument of counsel as well as written submissions, the plaintiff's motion is hereby denied in its entirety.

■ At the outset it is noted that the United States may not be sued without its consent. *Affiliated Ute Citizens of Utah v. United States,* 406 U.S. 128, 141, 92 S.Ct. 1456, 1466, 31 L.Ed.2d 741 (1972); *Huntington Towers, Ltd. v. Franklin National Bank,* 559 F.2d 863, 869–70 (2d Cir.1977), *cert. denied,* 434 U.S. 1012, 98 S.Ct. 726, 54 L.Ed.2d 756 (1978). Only Congress may waive the sovereign immunity of the United States, and the terms of such Congressional waivers of immunity define the jurisdiction of the court to entertain an action against the United States. *Dalehite v. United States,* 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953); *United States v. Testan,* 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); *see United States v. Kubrick,* 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979).

■ The accrual of plaintiff's cause of action herein under the Federal Tort Claims Act ("FTCA") is governed by Title 28 U.S.C. § 2401(b) (1976) which provides:

[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

Compliance with this statute of limitations is a jurisdictional prerequisite and noncompliance results in the claim being forever barred. *Blain v. United States,* 552 F.2d 289, 291 (4th Cir.1977); *Garrett v. United States,* 640 F.2d 24, 26 (6th Cir.1981). In light of the statutory standard, Snorgrass' claim arising out of the actions of the Special Agents of the Drug Enforcement Administration on May 13, 1980 is barred.

■ Generally, under the FTCA a tort claim accrues at the time of plaintiff's injury, although in certain instances, "accrual may be postponed until the plaintiff has or with reasonable diligence should have discovered the critical facts of both his injury and its cause." *Barrett v. United States of America,* 689 F.2d 324 (2d Cir.1982) *citing United States v. Kubrick,* 444 U.S. 111, 120 n. 7, 100 S.Ct. 352, 358 n. 7, 62 L.Ed.2d 259 (1979); *Stoleson v. United States,* 629 F.2d 1265, 1268 (7th Cir.1980); *Waits v. United*

*States,* 611 F.2d 550, 552 (5th Cir.1980); *Steele v. United States,* 599 F.2d 823, 827–28 (7th Cir.1979); *Lee v. United States,* 485 F.Supp. 883, 885–86 (E.D.N.Y.1980); *Liuzzo v. United States,* 485 F.Supp. 1274, 1280 (E.D.Mich.1980). In *Barrett,* the Second Circuit Court of Appeals elucidated situations where the "diligence-discovery" rule has been applied in non-malpractice cases, including:

> ... where a plaintiff demonstrates that his injury was inherently unknowable at the time he was injured, *Quinton v. United States,* 304 F.2d 234 (5th Cir.1962), and where the Government conceals its negligent acts so that the plaintiff is unaware of their existence, *Peck v. United States,* 470 F.Supp. 1003, 1018 (S.D.N.Y.1979). In regard to the latter situation, '[r]ead into every federal statute of limitations ... is the equitable doctrine that in case of defendant's fraud or deliberate concealment of material facts relating to his wrongdoing, time does not begin to run until plaintiff discovers, or by reasonable diligence could have discovered, the basis of the lawsuit.' *Fitzgerald v. Seamans,* 553 F.2d 220, 228 (D.C.Cir.1977).

*Barrett, supra* at 327.

The plaintiff herein seeks to have this court apply the "diligence-discovery" rule in measuring the accrual of the claim she seeks to assert against the Drug Enforcement Administration. In support of this position, the plaintiff draws this court's attention to the Supreme Court decision of *United States v. Kubrick, supra.* Snorgrass asserts that she was not aware that any agents other than the United States Customs Agents at Kennedy Airport were involved in the incidents cited in the complaint until the examinations before trial conducted in March, 1981. Accordingly, plaintiff contends that this cause of action did not accrue until she obtained knowledge of the existence of a claim against the Drug Enforcement Administration. This court does not accept plaintiff's reasoning. In *Kubrick* the Supreme Court stated:

> We are unconvinced that for statute of limitations purposes a plaintiff's ignorance of his legal rights and his ignorance of the fact of his injury or its cause should receive identical treatment. That he has been injured in fact may be unknown or unknowable until the injury manifests itself; and the facts about causation may be in the control of the putative defendant, unavailable to the plaintiff or at least very difficult to obtain. The prospect is not so bleak for a plaintiff in possession of the critical facts that he has been hurt and who has inflicted the injury. He is no longer at the mercy of the latter.

*Kubrick,* 444 U.S. at 122, 100 S.Ct. at 359. This interpretation was recently reiterated by the Second Circuit Court of Appeals in the *Barrett* decision. The *Barrett* court further noted that:

> Cases which have held that the identity of the Government as a potential defendant need not be known to a plaintiff in order for his FTCA cause of action to accrue involved situations where the 'who' element was not actively being concealed. In those cases diligent discovery would have revealed the Government's role. *See, e.g., Wollman v. Gross,* 637 F.2d 544 (8th Cir.1980), *cert. denied,* 454 U.S. 893, 102 S.Ct. 389 [70 L.Ed.2d 207] (1981); *Steele v. United States,* 599 F.2d 823, 827–28 (7th Cir.1979); *West v. United States,* 592 F.2d 487 (8th Cir.1979); *Lien v. Beehner,* 453 F.Supp. 604 (N.D.N.Y.1978).

*Barrett, supra* at 330.

In the instant action the plaintiff does not allege fraud or deliberate concealment of material facts relating to the Government's claimed wrongdoing and the plaintiff's lack of knowledge as to the specific governmental agencies involved in the incidents related in the complaint do not trigger application of the "diligence-discovery" accrual standard. Plaintiff has not alleged that misrepresentations and concealed information thwarted her investigation of this suit. To the contrary, plaintiff was clearly made aware of the identity of the Drug Enforcement Administration at least in the regular course of discovery.

Further, this court notes that plaintiff's claim against the Special Agents of the Drug Enforcement Administration is also barred pursuant to 28 C.F.R. § 14.2(b)(4) which provides: "If after an agency final denial, the claimant files a claim arising out of the same incident with a different federal agency, the new submission of the claim will not toll the requirement of 28 U.S.C. 2401(b) that suit must be filed within six months of the final denial by the first agency. . . ." In the instant action, the final denial was mailed to Snorgrass on March 13, 1981. Thus, any new administrative claim that plaintiff may wish to present to another federal agency is time-barred.

Accordingly, plaintiff's motion for leave to file a claim against the Drug Enforcement Administration is hereby denied.

So Ordered.