CURTIS BRYANT, BARBARA BRYANT, WARD BROWNE,
DAVID IRVINE, KEITH BURBRIDGE, RITA BURBRIDGE,
JOHN ROSE, and GREG LEWIS, Plaintiffs

v.

SOUTHWEST MARINE OF SAMOA, INC.,
VESSEL SOUTHWEST MARINE CRANE BARGE, its Engines,
Tackle and Gear, and DOES I-XX, Defendants

SOUTHWEST MARINE OF SAMOA, INC.,
Third-Party Plaintiff

v.

KOREA WONYANG FISHERIES CO., LTD.,
KOREAN TUNA VENTURES S.A.,
STARKIST SAMOA, INC., STARKIST FOODS, INC., and
AMERICAN SAMOA GOVERNMENT, Third-Party Defendants

High Court of American Samoa
Trial Division

CA No. 41-92

August 6, 1992

Before RICHMOND, Associate Justice, VAIVAO, Associate Judge, and
LOGOAI, Associate Judge.

Counsel:     For Plaintiffs, Charles V. Ala'ilima
             For Defendant and Third-Party Plaintiff Southwest
                  Marine of Samoa, Inc. and Defendant
                  Southwest Marine Crane Barge, Robert A.
                  Dennison III

23

For Third-Party Defendant StarKist Samoa, Inc. and
        StarKist Foods, Inc., John L. Ward II
For   Third-Party   Defendant   American   Samoa
        Government, Cheryl A. Quadlander, Assistant
        Attorney General

On Motion to Dismiss:

The motion · by third-party defendant American Samoa Government ("ASG") to dismiss the third-party complaint against it for lack of subject-matter jurisdiction came regularly for hearing on July 8, 1992.

ASG claims that this Court can have no jurisdiction over ASG until defendant/third-party plaintiff Southwest Marine of Samoa, Inc. ("SWM Samoa") has filed an administrative claim that is denied by ASG; this administrative claim must be pursued prior to filing suit. SWM Samoa counters that the Federal Tort Claims Act (F.T.C.A.), on which the American Samoa Government Tort Claims Act is based, allows an exception for third-party claims and that plaintiffs but not SWM Samoa suffered the injury, and thus only plaintiffs should file any administrative claim. We find SWM Samoa's reasoning both logical and enticing, but we find that we are compelled to rule for ASG.

The requirement of filing an administrative claim pursuant to A.S.C.A. § 43.1205 before filing suit is, in fact, jurisdictional. *Gobrait v. Americana Hotels, Inc.*, 1 A.S.R.2d 1 (Trial Div. 1978); *Mataipule v. Tifaimoana Partnership, Ltd.*, 14 A.S.R.2d 100 (1990); *Crispin v. ASG*, 21 A.S.R.2d 60 (Trial Div. 1992). The F.T.C.A. does also, in fact, provide an exception to this requirement for third-party complaints. This exception allows a third-party plaintiff to bring the government into federal district court as a third-party defendant without first filing an administrative claim, because "the third party plaintiff is forced into the action by the plaintiff and has no choice but to assert any claims he might have against those who might be responsible for the acts he is charged with in the plaintiff's complaint." *Rosario v. American Export-Isbrandtsen Lines, Inc.*, 531 F.2d 1227, 1234 (3d Cir. 1976). This reasoning would persuade us in favor of SWM Samoa, but the historical, legislative relationship between the federal and American Samoa acts compels us otherwise.

The F.T.C.A. was adopted in 1946 and amended in 1966. This amendment inserted the exception of third-party complaints, cross-claims and counterclaims from the requirement of filing an administrative claim prior to asserting the claim in the lawsuit. The American Samoa Government Tort Liability Act (G.T.L.A.) was adopted in 1967, one year after the 1966 amendment, yet it did not adopt the exceptions for third-party complaints, cross-claims and counterclaims. No direct legislative history is known to exist regarding the adoption of the G.T.L.A., but this procession of events leads us to inevitably infer that the omission was a deliberate act by the Legislature. For us now to apply this omitted sentence as though it were part of the G.T.L.A. as well as the F.T.C.A. would be a judicial usurpation of legislative power. The Legislature would be well advised to amend the G.T.L.A. to include this exception, but despite the wisdom of SWM Samoa's position, we are constrained to hold that ASG prevails. SWM Samoa should file an administrative claim with ASG forthwith if it wishes to join ASG as a third-party defendant. The motion to dismiss is GRANTED.