OPINION
PER CURIAM.
Raymond W. Accolla sued the United States of America, Dr. Hendershot, and P.A. Hubble, among other defendants.[1] *409 His claims under Bivens v. Six Unknown Named Agents of the FBN, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and the Federal Tort Claims Act (“FTCA”) related to how he was treated for medical conditions at FCI-Schuylkill.
The three defendants filed a motion to dismiss or, in the alternative, a motion for summary judgment. They argued that the Eighth Amendment claims against Hen-dershot and Hubble should be dismissed because of Accolla’s failure to exhaust his administrative remedies. In the alternative, they contended that the claims should be dismissed because Hendershot and Hubble were not deliberately indifferent to a serious medical need. Also, they argued that the FTCA claim should be dismissed because 1) Aecolla failed to exhaust the administrative tort process when he filed his complaint before receiving notice of final agency action, 2) Aecolla did not include a certificate of merit, or 3) Aecolla failed to state a prima facie claim of negligence. With their motion, they filed a statement of facts comprising 610 paragraphs, a declaration from Hubble, Accol-la’s medical records, and evidence related to Accolla’s efforts to exhaust his administrative remedies.
Aecolla filed a motion to compel the production of his medical records; a motion (that included exhibits) requesting a decision on the issue of exhaustion of his administrative remedies; a supplemental filing relating to exhaustion of administrative remedies; a response to the summary judgment motion (without exhibits); a general denial of the defendants’ statement of facts; and more motions to compel discovery, one of which included additional exhibits relating to the exhaustion issue. The defendants sought a protective order staying all discovery requests until the resolution of their potentially case-disposi-tive motion.
The District Court, adopting the report and recommendation of the Magistrate Judge and overruling Accolla’s objections, deemed all of the defendants’ statements of facts admitted — because Aecolla did not respond to them one-by-one in compliance with a local rule — and granted the defendants’ motion. In relation to the claims against Hendershot and Hubble, the District Court concluded that Aecolla did not exhaust his administrative remedies because he did not file his administrative remedy requests at the institutional level. In relation to the FTCA claim, the District Court determined that Aecolla did not exhaust his administrative remedies because he filed his complaint prematurely (before the time for an agency ruling on his administrative claim expired). The District Court additionally concurred with the defendants that Aecolla needed to, but did not, include a certificate of merit for his claim as Pennsylvania law requires for medical negligence claims. The District Court denied all pending motions as moot.
We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the order granting summary judgment is plenary. See Abramson v. William Paterson College, 260 F.3d 265, 276 (3d Cir.2001). We consider the orders relating to the discovery motions for abuse of discretion. See United States v. Al Hedaithy, 392 F.3d 580, 605 (3d Cir.2004). On review, we will affirm the District Court’s decision because no substantial issue is presented on appeal. See L.A.R. 27.4; I.O.P. 10.6.
The District Court properly dismissed Aceolla’s FTCA claim. A plaintiff cannot institute an FTCA suit until he or she presents the claim to a federal agency *410 and receives a final decision on the claim. See 28 U.S.C. § 2675(a); see McNeil v. United States, 508 U.S. 106, 112, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). If the agency does not act within six months, the failure to issue a decision may be treated as a final decision by the claimant. See id. The FTCA exhaustion requirement “is jurisdictional and cannot be waived.” Rosario v. American Export-Isbrandtsen Lines, Inc., 531 F.2d 1227, 1231 (3d Cir.1976).
In this case, it is undisputed that Accolla initially filed his administrative tort claim on November 27, 2007, and that he filed a supplement to it on February 20, 2008. The supplement, treated as an amendment, reset the clock. See 28 C.F.R. 14.2(c). The agency ruled within six months of the initial filing, namely, on May 22, 2008. However, because Accolla filed his FTCA action in federal court before that date and before the expiration of the appropriate six month period, the District Court was without jurisdiction to rule on the FTCA claim.[2] See McNeil, 508 U.S. at 111-12, 113 S.Ct. 1980 (holding that a court is without jurisdiction to rule on a prematurely filed action even if an agency denies the related administrative claim soon after the federal lawsuit is filed).
The District Court also properly granted summary judgment in favor of the defendants on the remaining claims under Bivens. To bring a suit challenging prison conditions, a prisoner must first properly exhaust available administrative remedies. See 42 U.S.C. § 1997e; Woodford v. Ngo, 548 U.S. 81, 85, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (holding that exhaustion is mandatory); see Spruill v. Gillis, 372 F.3d 218, 222 (3d Cir.2004) (explaining that the exhaustion requirement includes a procedural default component). The burden is on the defendants to prove failure to exhaust. See Ray v. Kertes, 285 F.3d 287, 295 (3d Cir.2002).
As the District Court noted, the defendants put forth evidence that Accolla did not exhaust his administrative remedies because, although he filed four administrative remedy requests, he did not follow BOP procedures in filing them. More specifically, he filed three administrative remedy requests with the regional office before filing a complaint at the institutional level, and he filed one complaint with the central office without having sought an administrative remedy with his warden or reconsideration of his administrative tort claim. The District Court concluded that the defendants’ statement of facts, based on the evidence, was uncontested because Accolla did not respond to each statement individually. Accolla’s response was not sufficiently specific.
We note additionally that Accolla did not otherwise controvert the relevant statements of facts or evidence of his failure to exhaust despite his repeated arguments (from the initiation of his complaint through his motion and other filings relating to exhaustion) that he exhausted his available administrative remedies. Although Accolla argued that his prison counselor thwarted his efforts by failing or refusing to issue him an administrative remedy form, he conceded, in his filings to the BOP and in the District Court, that he did not undertake a predicate step in the grievance process that would have entitled him to that form. His admitted excuse for not taking the early and necessary step in each attempt was his belief that it would be futile. However, there is no futility exception to the exhaustion requirement. See Booth v. Churner, 532 U.S. 731, 741 n. *411 6, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). In short, he did not follow the proper and available procedures to exhaust his claims against Hendershot and Hubble. Accordingly, the District Court properly granted judgment in favor of the defendants.
Because the District Court properly granted the defendants’ case-dispositive motion, the District Court did not abuse its discretion in denying the remaining motions as moot. We will affirm the District Court’s judgment.

. The Magistrate Judge, screening the complaint pursuant to 28 U.S.C. § 1915A, recommended the dismissal of Accolla's claims against the rest of the defendants. Accolla initially filed objections to the Magistrate Judge’s report and recommendation (although he focused his arguments on the exhaustion of his administrative remedies), but then he filed a notice of voluntary dismissal of all the defendants but the United States, Hen-dershot, and Hubble. The District Court acknowledged the notice of dismissal and Accol-la's subsequent efforts to proceed only against the three named defendants and treated the objections as withdrawn in adopting the re *409 port and recommendation. As it appears that Aecolla pursued his claims only against three defendants, claims related to the other defendants will not be considered.

. We do not consider, or express any opinion on, the alternative basis for the District Court’s decision related to the FTCA claim.